PER CURIAM:
 

 Appellant law firm Estes & Hoyt appeals the bankruptcy court’s ruling, affirmed by
 
 *322
 
 the Bankruptcy Appellate Panel of the Ninth Circuit, that it is not entitled to certain attorney’s fees it charged pursuant to its role as counsel for the trustee of a Chapter 7 debtor’s estate. Appellee Kathryn Crake, fifty percent general partner in the debtor, objects to these fees, as does appellee Earl Hafer, an unsecured creditor of the debtor.
 

 I.
 

 The bankruptcy court disallowed certain fees charged by appellant law firm Estes & Hoyt (“E & H”) in connection with its representation of a Chapter 7 trustee. The court based its ruling that the trustee had exceeded his duties on a number of facts. First, the trustee extensively investigated the unopposed claim of creditor Earl Hafer (“Hafer”), despite the fact that the estate was solvent. Second, the trustee refused to distribute assets of the solvent estate to the partners who comprised the debtor partnership in response to Kathryn Crake’s (“Crake”) motion for distribution of the estate. Instead, immediately after Crake made her motion, the trustee commenced an investigation of Crake’s partnership interest and filed a motion to subordinate or disallow that interest. Third, the trustee extensively investigated the debtor’s formation and early financial history for the purpose of preparing partnership tax returns. The bankruptcy appellate panel for the Ninth Circuit affirmed the bankruptcy court.
 

 E & H responds that its investigation of the Hafer claim was proper, that it had a duty to investigate Crake’s partnership interest, and that its investigation for purposes of preparing partnership tax returns was necessary.
 

 II.
 

 The bankruptcy court had jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. The bankruptcy appellate panel had jurisdiction pursuant to 28 U.S.C. § 158(b). This court’s jurisdiction derives from 28 U.S.C. § 1291 (appeals from final orders) and 28 U.S.C. § 158(d) (courts of appeals have jurisdiction of appeals,
 
 inter alia,
 
 from bankruptcy appellate panels).
 

 “A bankruptcy court’s award of attorneys’ fees will not be disturbed on appeal absent an abuse of discretion or an erroneous application of the law.”
 
 In re Nucorp Energy, Inc.,
 
 764 F.2d 655, 657 (9th Cir.1985) (citations omitted);
 
 see also In re Southeast Co.,
 
 868 F.2d 335, 340 (9th Cir.1989) (finding no abuse of discretion).
 

 III.
 

 E & H seeks fees arising from the trustee’s investigation of the claim of the unsecured creditor, Hafer. We must first consider whether the trustee was right to so extensively investigate Hafer’s claim. In this connection, we note that the debtor, a partnership, was solvent and that none of the partners objected to Hafer’s claim.
 

 The bankruptcy court described the trustee’s duty to expeditiously close the estate as his “main” duty.
 
 See In re Riverside-Linden Investment Co.,
 
 85 B.R. 107, 111 (Bankr.S.D.Cal.1988) (quoting 4
 
 Collier on Bankruptcy
 
 ¶ 704.01[3] (15th ed.1987)),
 
 aff'd,
 
 99 B.R. 439 (9th Cir. BAP 1989). This is a general proposition that seems beyond reproach, and indeed E & H does not directly attack it. The bankruptcy court was persuaded, especially in light of this proposition, that it served no purpose within the meaning of 11 U.S.C. § 704(5) for the trustee to engage in a lengthy investigation of the Hafer claim when the estate was solvent and none of the debtor’s general partners objected to the claim. As both the bankruptcy appellate panel and bankruptcy court said “ ‘[w]hen a cost benefit analysis indicates that the only parties who will likely benefit from an investigation of a claim are the trustee and his professionals, investigation is unwarranted.’ ”
 
 Riverside-Linden,
 
 99 B.R. at 443 (quoting bankruptcy court, 85 B.R. at 111). The bankruptcy court did not abuse its discretion when it declined to award attorneys fees in these circumstances.
 

 IV.
 

 E & H seeks fees arising from the trustee’s opposition to the partner Crake’s mo
 
 *323
 
 tion to compel distribution or dismiss, and the trustee’s subsequent motion for partial disallowance or subordination of what E & H refers to as Crake’s “unsecured claim.” E & H offers two bases for the trustee’s purported duty to investigate Crake’s partnership interest. First, the duty is said to have arisen because a partnership interest is a “claim” under the definition provided by 11 U.S.C. § 101(4). Second, the duty is said to have arisen because E & H had an obligation under applicable statutes to investigate Crake’s interest on behalf of her partners.
 

 One who holds a claim is a creditor, see 11 U.S.C. § 101(9) (defining creditor), and a trustee should act on behalf of creditors.
 
 See In re Hall,
 
 15 B.R. 913, 915 (9th Cir. BAP 1981). However, if partnership interests are not “claims,” then the holders of these interests are not “creditors.” Since 11 U.S.C. § 101(4)(A), which defines “claim,” by its own terms covers claims that are “contingent” or “immature,” the question before us is whether the right to payment represented by a partnership interest — ripe or not — is a claim within the meaning of the bankruptcy code.
 

 A partnership interest is not a claim. As the bankruptcy appellate panel observed, an ownership interest in a debtor partnership differs fundamentally from other rights that might be asserted against the partnership:
 

 An ownership interest is not a debt of the partnership. Partners own the partnership subject to the profits or losses. Creditors, however, hold claims regardless of the performance of the partnership business. Thus, an ownership interest is not a claim against the partnership.
 

 Riverside-Linden,
 
 99 B.R. at 444.
 
 [1]
 

 It follows that the trustee had no standing to oppose Crake’s motion for dismissal on behalf of any creditor.
 
 See In re Hall,
 
 15 B.R. 913, 915 (9th Cir. BAP 1981). Hafer was the sole remaining creditor in the instant case and, as the bankruptcy court below noted, he “affirmatively consented to dismissal.” 85 B.R. at 113.
 

 E & H alternatively argues that it was under a statutory duty to the partnership, so that the district court’s refusal to award attorney’s fees was an abuse of discretion. E & H first claims that section 723(d) of the bankruptcy code required the trustee to oversee on behalf of the partners an equitable distribution of the partnership surplus. This section provides a scheme by which a trustee can recover any deficiencies in the assets of a debtor general partnership from the partners themselves, then effect an equitable distribution, through the bankruptcy court, of any resulting surplus. 11 U.S.C. § 723(d). However, the scheme of distribution described in section 723(d) simply does not apply to this case. Section 723(d), by its own terms, applies only when a surplus is created by the trustee’s own collection of deficiencies from general partners.
 

 When, as in this cáse, section 723 does not apply, distribution of property is governed by section 726. As the bankruptcy court below noted, the first five levels of payment set forth in section 726(a) are described as payment on claims.
 
 Riverside-Linden,
 
 85 B.R. at 114 n. 11. We have already indicated that the partnership interests were not “claims” against the partnership. The sixth level of payment is made “to the debtor.” 11 U.S.C. § 726(a)(6).
 

 Section 726(b) states that payments on claims shall be made on a
 
 pro rata
 
 basis among claims of each of the classes. However, this
 
 pro rata
 
 distribution mandate does not apply to § 726(a)(6). Therefore, it seems clear that to the extent a surplus exists after payment of claims, the funds revest in the debtor. The Code goes no further respecting the rights of parties who are owners of the debtor.
 

 
 *324
 
 85 B.R. at 114 n. 11. Thus, E & H was not required by either sections 723 or 726 to effect an equitable distribution of the debt- or’s surplus.
 

 E & H further argues that Crake’s co-partners were parties in interest whose rights the trustee was obliged to defend. E & H cites section 704(1) of the bankruptcy code, which provides that a “trustee shall collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with
 
 the best interests of the parties in interest."
 
 11 U.S.C. § 704(1). E & H alleges that Crake’s co-partners authorized its actions, and that this authorization provided a basis for its investigation of Crake’s interest. The bankruptcy court responded that, notwithstanding the broad term “parties in interest” in section 704(1), the trustee can not act on behalf of general partners.
 
 Riverside-Linden,
 
 85 B.R. at 113.
 

 Although the bankruptcy court’s legal reasoning may well be erroneous, the factual basis for the court’s decision is enough to sustain it. The bankruptcy court specifically noted that there was insufficient evidence to support E & H’s claim that the general partners supported the trustee’s investigation of Crake.
 
 Riverside-Linden,
 
 85 B.R. at 113 n. 9. Since E & H has not pointed to record evidence that would rebut this finding, E & H’s authorization argument fails. For in light of the bankruptcy court’s view of the facts, there is no indication that the substantial delay and increased administrative costs which resulted from the Crake investigation were in the “best interests” of anyone aside from the trustee’s lawyers and accountants. However, this court specifically declines to categorically state that “[t]he trustee’s duties are owed only to the estate and its creditors.” 85 B.R. at 113.
 
 [2]
 
 Rather, we hold only that when, as in this case, there is no indication that an elaborate investigation of a partner’s interest will benefit any interested party, a benefit that might be shown by,
 
 inter alia,
 
 evidence that an interested party requested or authorized the investigation, it is not an abuse of discretion for a bankruptcy court to decline to award the attorney’s fees that arise from the investigation and related motions.
 
 See In re Nucorp Energy, Inc.,
 
 764 F.2d 655, 657 (9th Cir.1985).
 

 V.
 

 E & H’s final argument is that it was justified in conducting an extensive investigation for the purpose of preparing partnership tax returns for the debtor. This investigation included an analysis of the formation of the debtor, as well as the debtor’s records for the years preceding the period during which the trustee was appointed. As the bankruptcy appellate panel noted, however, “[a] Chapter 7 trustee simply is required to file informational tax returns for a debtor partnership for the period during which he is appointed.”
 
 Riverside-Linden,
 
 99 B.R. at 446.
 

 The bankruptcy court acted within the bounds of its discretion when it refused to accept the tax investigation as a basis for the award of attorneys fees. E & H has not adequately explained the necessity of conducting so elaborate an investigation. For example, E & H has not explained why the formation of the debtor needed to be examined. Consequently, the extensive discovery conducted was unnecessary, making the alleged lack of cooperation among the general partners — even if true — largely irrelevant. As for some of the debtor partnership’s minor debts, the courts below agreed with Crake that E & H should have simply resolved these in the manner most favorable to the IRS in light of the trustee’s overriding responsibility to expeditiously close the estate. See 11
 
 *325
 
 U.S.C. § 704(1). To the extent these courts ruled on the grounds that a two-year time delay benefits nobody except the bank accounts of the trustee, lawyers, and accounting firm handling the investigation, their conclusion does not appear unsound. “By remaining in an active posture, the trustee served only to multiply the proceedings and parties and incur additional administrative expenses.” Riverside-Linden, 85 B.R. at 111,
 
 quoted in
 
 bankruptcy appellate panel’s decision, 99 B.R. at 444.
 

 VI.
 

 Hafer’s request for sanctions is denied, and the decisions below are AFFIRMED.
 

 [1]
 

 . Another point is worth noting. Since "debt” means liability on a claim, and "insolvent” for purposes of a partnership means a financial condition such that the sum of the partnership debts is greater than the sum of its assets and each partner’s non-partnership property less each partner’s non-partnership debts (§ 101(26)(B)), including partnership interests as claims would result in the strange inclusion of these interests as debts of the partnership in the formula for determining solvency.
 

 [2]
 

 . The bankruptcy appellate panel repeated this statement, citing § 704(1) for support.
 
 Riverside-Linden,
 
 99 B.R. at 445. Nowhere in this provision is the word "creditors" or the words "claim holders” found. It is thus apparent that the bankruptcy appellate panel read the phrase "parties in interest” to refer solely to the creditors and the estate. Yet the court never explained why this must be the case, and indeed it may well
 
 not
 
 be the case.
 
 See In re Transatlantic & Pacific Corp.,
 
 216 F.Supp. 546, 552 (S.D.N.Y.1963) (noting under identical provision in old version of the code that the bankrupt is itself a party in interest).