963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
IN Re HOLIDAY TOWERS
Theodore R. SAKER, Appellant,
v.
Frederick M. LUPER, Appellee.
 No. 91-3854.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1992.
 
 Before BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges; and WILHOIT, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Appellant Theodore R. Saker appeals the order of the district court that dismissed Saker's appeal from an order of the bankruptcy court granting Saker fees in the underlying bankruptcy proceeding. The bankruptcy court granted Saker less than ten percent of the amount he sought.
 
 
 2
 The appeal presents issues concerning the bankruptcy court's authority and the propriety of costs assessed against Saker.
 
 
 3
 The court affirms the district court's order and orders that costs be assessed against Saker.
 
 I.
 
 4
 Saker is counsel to debtor Holiday Towers, Inc., and Frederick M. Luper is the Chapter 11 trustee of Holiday Towers. Holiday Towers filed a petition in bankruptcy in April 1981. This appeal arises from Saker's attempt to recover fees for his work on behalf of Holiday Towers.
 
 
 5
 In July 1990, Saker filed an application for fees in the bankruptcy court for the Southern District of Ohio along with a diary of services rendered on behalf of Holiday Towers. Saker sought $7,815 from the bankruptcy estate for services rendered from July 1, 1986 through January 25, 1990. In February 1991, the bankruptcy court found numerous flaws, omissions, and inadequacies in Saker's application, and granted fees for just 5.5 hours work at the rate of $110/hour, for a total of $605.
 
 
 6
 In March 1991, Saker appealed to the district court. In May, Luper moved the district court to dismiss Saker's appeal, and Saker responded with a brief claiming that the entire bankruptcy court system was unconstitutional. On August 14, 1991, the district court found that "Saker's brief is patently frivolous, and is an outrageously obvious ploy aimed at frustrating the efficient administration of justice." The district court granted Luper's motion to dismiss the appeal, from which dismissal Saker appeals to this court.
 
 
 7
 Before this appeal was filed, Luper moved in the district court for Rule 11 sanctions against Saker, based on the frivolousness of Saker's appeal. The district court granted the motion.
 
 II.
 A.
 
 8
 This court will not disturb a bankruptcy court's award of attorney's fees absent an abuse of discretion or erroneous application of the law. In re Riverside-Linden Investment Co., 925 F.2d 320, 322 (9th Cir.1991).
 
 
 9
 Saker argues that the Bankruptcy Amendments and Federal Judgeship Act, 28 U.S.C. §§ 151-58 (the 1984 Act), is unconstitutional because it vests judicial power in non-Article III courts. Saker asserts that Article III reflects the intent of the framers to have the judicial power exercised by judges who "would have no anxiety over their tenure ... and could be fearless and independent." He contends that although bankruptcy courts exercise the judicial power, the demands of Article III are not met.
 
 
 10
 Saker's argument is meritless. The Constitution gives Congress the power to establish "uniform Laws on the subject of Bankruptcies throughout the United States." Art. I, § 8. Pursuant to this power, Congress enacted Title 11, the Bankruptcy Code, and more recently, the 1984 Act, 28 U.S.C. §§ 151-58.
 
 
 11
 The Bankruptcy Code authorizes counsel in a bankruptcy proceeding to apply for and receive attorney's fees from the bankruptcy estate. Section 330 of the Bankruptcy Code provides that the bankruptcy court may award to ... the debtor's attorney ... reasonable compensation for actual, necessary services ... based on the nature, the extent, and the value of such services and the cost of comparable services other than in a case under this title....
 
 
 12
 11 U.S.C. § 330(a).
 
 
 13
 In 1982, the Supreme Court held that the grant of jurisdiction to the bankruptcy courts under the then-existing bankruptcy court system was unconstitutional. Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982). In Marathon, the bankrupt petitioner sought to have the bankruptcy court adjudicate its claim to recover contract damages to augment the bankruptcy estate. The Court held that this exercise of jurisdiction was unconstitutional.
 
 
 14
 In response, Congress passed the 1984 Act to revamp the jurisdiction of the bankruptcy courts. The Act provided, in relevant part:
 
 
 15
 (1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11
 
 
 16
 .............................................................
 
 
 17
 ...................
 
 
 18
 * * *
 
 
 19
 (2) Core proceedings include, but are not limited to--
 
 
 20
 (A) matters concerning the administration of the estate
 
 
 21
 .............................................................
 
 
 22
 ...................
 
 
 23
 * * *
 
 
 24
 28 U.S.C. § 157(b). This language is intended to give the bankruptcy court jurisdiction over core proceedings that does not exceed constitutional limits. In re Meyertech Corp., 831 F.2d 410, 416 (3d Cir.1987).
 
 
 25
 Determinations of attorney's fees are core proceedings because such determinations are obviously matters concerning the administration of the estate. "The fact that the dispute concerns the allowance or disallowance of a claim for attorneys' fees against the estate and the extent and validity of [the secured creditor's] lien for fees further supports the exercise of jurisdiction by the bankruptcy court over this core proceeding." In re Hudson Shipbuilders, Inc., 794 F.2d 1051, 1055 (5th Cir.1986). See also, Riverside-Linden, 925 F.2d at 322.
 
 
 26
 The bankruptcy court's exercise of jurisdiction to enter a final order on Saker's application for fees is within the limits of jurisdiction established by 28 U.S.C. § 157(b). Further, it is also withint he constitutional limits established by Marathon. In his plurality opinion, Justice Brennan described the jurisdiction of bankruptcy courts: "[T]he restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights...." 458 U.S. at 71. The awarding of fees to a debtor's attorney is an aspect of debtor-creditor relations, and no state-created private rights are involved.
 
 
 27
 The bankruptcy court was well within both the constitutional and statutory limits of its authority when it entered a final order determining Saker's fees. We affirm the district court's order dismissing Saker's appeal.
 
 B.
 
 28
 Luper argues that Saker's appeal is completely frivolous and asks this court, pursuant to Fed.R.App.P. 38, to assess costs against Saker.
 
 
 29
 We agree with Luper. This case presents the narrow question whether the bankruptcy court was within its jurisdiction to enter an order determining the fees of a debtor's attorney. Nevertheless, Saker never directly addresses this question. He does not dispute the factual conclusions of the bankruptcy court, nor does he argue that the district court violated bankruptcy procedures when it dismissed his appeal. Rather, he attacks the entire bankruptcy court system. As a result, he fails to cite a single authority for the contention that attorney fee determinations exceed the constitutional limits of the bankruptcy court's jurisdiction. His appeal of this question ignores an accepted and rarely challenged rule of law, that a bankruptcy court has jurisdiction to enter final orders in matters of administration such as the determination of attorney's fees. As noted in one well-known treatise:
 
 
 30
 There has never been any doubt about the constitutional authority of a non-tenured judge to enter final orders in such matters [of administration], which are unique to bankruptcy cases. This has been true since the regime of the Bankruptcy Act and remains true today, even under Marathon.... This being so, this category of core proceedings has produced almost no litigation regarding bankruptcy court jurisdiction.
 
 
 31
 1 Collier on Bankruptcy p 3.01, at 3-41-42 (Lawrence P. King ed. 1992) (footnotes omitted). Saker's appeal flouts this sound conclusion by litigating a well-settled matter.
 
 
 32
 Saker compounds the frivolity of his appeal by baselessly attacking the constitutionality of the entire bankruptcy court system. In his submissions to this court and to the district court, Saker argues that the 1984 Act suffers from the same constitutional deficiencies as did the previous bankruptcy court system struck down in Marathon. The facts of this case, however, simply do not allow Saker to make a meaningful challenge of the bankruptcy court system. This case involves the simple question whether a bankruptcy court may determine the fees of a debtor's attorney. Marathon considered the much more complex question of whether a bankruptcy court may adjudicate state law claims. Saker's attempts to use the reasoning of Marathon are fruitless. Further, Saker fails to cite any authority for his unconstitutionality argument. Given Saker's misguided, inappropriate, and unsupported arguments, we find that his appeal is frivolous, and will assess the costs of the appeal against him.
 
 
 33
 Finally, we note that the district court reached a similar conclusion regarding Saker's arguments. After Saker filed the present appeal to this court, Luper moved the district court for Rule 11 sanctions against Saker because Saker's first appeal of the bankruptcy court's order, to the district court, was frivolous. The district court granted the motion, and granted Luper $605 in fees as a sanction against Saker. The district court reasoned that "it is abundantly clear from Saker's brief that he was not making a serious, genuine attempt to assert a constitutional issue under Marathon." Saker's arguments before this court suffer from the same shortcoming.
 
 III.
 
 34
 The district court's order dismissing Saker's appeal is AFFIRMED. This court finds that Saker's appeal is frivolous and we shall assess costs against Saker. This court directs Luper to file a statement detailing the actual costs of defending this appeal.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation