In re Vera Agnes CANINO, Debtor.

Vera Agnes CANINO, Appellant,

v.

Richard E. BLEAU, Chapter 7 Trustee, Appellee.

BAP No. EC–94–1861–OVR.

Bankruptcy No. 92–23346–C–7.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 23, 1995.

Decided May 25, 1995.

---

2. The other general partner, James Rodgers, received a chapter 7 discharge in 1992.

John A. Tosney, Sacramento, CA, for appellant.

Richard E. Bleau, Orangevale, CA, for appellee.

Before OLLASON, RUSSELL and VOLINN, Bankruptcy Judges.

## OPINION

OLLASON, Bankruptcy Judge:

### OVERVIEW

Debtor claimed exemptions for full equity in a vehicle and residence that facially exceeded the statutory exemptions. The bankruptcy trustee did not file an objection to the claimed exemptions within the statutorily prescribed period. Prior to the expiration of the time for the trustee to object to the claimed exemptions, the trustee sold the vehicle and paid Debtor the allowed exemption under California law. After the trustee sold the residence, he moved the court for an order to turn over the proceeds to the estate, minus the allowed homestead exemption pursuant to California law. The bankruptcy court concluded that the trustee's actions for sale of the assets and notice of asset case constituted an informal or *de facto* objection, and granted his motion. Debtor timely appealed the bankruptcy court's order. We AFFIRM, on other grounds, as to the vehicle and REVERSE as to the residence.

### STATEMENT OF FACTS

Vera Agnes Canino ("Debtor") and her husband, Loren Joseph Canino ("Canino"),

(jointly "Debtors"), filed a Chapter 7[1] petition in bankruptcy on April 15, 1992. The petition was filed by Debtors *in propria persona.* Debtor was under 65 years of age and did not assert a disability. Canino was approximately 80 years of age, and was the subject of a conservatorship proceeding. Debtors were joint owners of a residence, and had recorded a declaration of homestead on April 14, 1992, the day before filing for bankruptcy.

On schedule C, Debtors listed their residence as exempt under Cal.Civ.Proc.Code 704.910.[2] Debtors listed the property value as $175,000, and the exemption value as $155,053.57, which was the property value minus the one secured lien in the amount of $19,946.43. The exemption facially represented Debtors' total equity in the property. The exemption claim exceeded the statutory exemption available pursuant to Cal.Civ.Proc. Code § 704.730, which provides in pertinent part:

(a) The amount of the homestead exemption is one of the following:

(1) Fifty thousand dollars ($50,000) unless the judgment debtor or spouse of the judgment debtor who resides in the homestead is a person described in paragraph (2) or (3).

. . . . .

(3) One hundred thousand dollars ($100,000) if the judgment debtor or spouse of the judgment debtor who resides in the homestead is at the time of the attempted sale of the homestead any one of the following:

(A) A person 65 years of age or older.

(B) A person physically or mentally disabled. . . .

(C) A person 55 years of age or older with a gross annual income of not more than fifteen thousand dollars ($15,000) or, if the judgment debtor is married, a gross annual income, including the gross annual income of the judgment debtor's spouse, of not more than twenty thousand dollars ($20,000) and the sale is an involuntary sale.

(b) Notwithstanding any other provision of this section, the combined homestead exemptions of spouses on the same judgment shall not exceed the amount specified in paragraph (2) or (3), whichever is applicable, of subdivision (a), regardless of whether the spouses are jointly obligated on the judgment and regardless of whether the homestead consists of community or separate property or both.

Notwithstanding any other provision of this article, if both spouses are entitled to a homestead exemption, the exemption of proceeds of the homestead shall be apportioned between the spouses on the basis of their proportionate interests in the homestead.

Cal.Civ.Proc.Code § 704.730 (West 1995).

Debtors also listed a 1991 Ford Escort as exempt pursuant to Cal.Civ.Proc.Code § 704.010. The car's value was listed as $7,500, and the exemption value was also listed as $7,500. The exemption claim exceeded the statutory exemption of $1,200. *See* Cal.Civ.Proc.Code § 704.010(a) (West 1995).

At no time did the Chapter 7 Trustee ("Trustee") or any other party in interest file a formal written objection to these claimed exemptions. Debtor did not amend the schedules at any time, nor was she ordered to do so by the bankruptcy court.

*Conservatorship Proceedings*

At the time Debtors filed their bankruptcy petition, Canino had not resided at Debtors' residence for at least one year. Debtor and one of Canino's two daughters had been engaged in a conservatorship action concerning

---

**1.** Unless otherwise indicated, all references to "chapter" or "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. All references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."), Rules 1001–9036.

**2.** Sections 704.910–704.995 of the California Civil Procedure Code provide for a "declared homestead" under Article 5, as opposed to an automatic exemption under Article 4. Under California law, a debtor *or* the debtor's spouse must reside in the dwelling when the bankruptcy petition is filed in order to be entitled to the homestead exemption. *In re Dodge,* 138 B.R. 602, 606 (Bankr.E.D.Cal.1992); Cal.Civ.Proc.Code §§ 704.920, 704.930(a)(3) (West 1995).

Canino; he had been living with his daughter pursuant to court order. Prior to living with his daughter, Canino had been institutionalized at an Alzheimer's center suffering from severe depression. Prior to that, he had resided with Debtor.

On July 29, 1991, the state court ordered that Canino remain in his daughter's home. On November 7, 1991, the state court granted the petition of Canino's daughter for her appointment as conservator of Canino's person. Debtor was appointed conservator of Canino's estate. The state court based its decision, in part, on the findings that Canino was unable to manage his finances or to resist fraud or undue influence, and that he lacked the capacity to give informed consent for medical treatment.

On May 21, 1992, a month after Debtor and Canino filed for bankruptcy, Canino's daughters filed a petition in state court for an order appointing the other daughter as successor conservator of Canino's estate. The automatic stay interrupted that proceeding. On July 10, 1992, Canino's daughters then filed a motion to dismiss the bankruptcy case as to Canino, due to his mental incompetence to sign the bankruptcy petition, and also moved for relief from the automatic stay as to their state court action. They requested the bankruptcy court to take judicial notice of the fact that Debtor had not filed a bond with the Probate Court, nor had any letters of administration been issued to Debtor concerning her status as conservator of Canino's estate as required under California law before Debtor could act on Canino's behalf. Therefore, Canino was in "legal-limbo," their motion alleged. The bankruptcy court granted the motion to dismiss Canino from the bankruptcy case in its order of September 9, 1992, and ruled that the bankruptcy case was "no longer a joint case." The court further ruled that "the rights of the trustee shall be precisely the rights that the trustee would have had if Vera Agnes Canino had filed individually rather [than] jointly." Thereafter, Canino's daughter was appointed conservator of Canino's estate.

*Trustee's Activities in Bankruptcy*

The creditors' meeting was originally scheduled for May 19, 1992, but was continued to and concluded on June 23, 1992. The time for objecting to the exemptions, pursuant to Fed.R.Bankr.P. 4003(b) expired 30 days thereafter, on July 23, 1992.[3]

Although Trustee did not formally object to the claimed exemptions, on June 1, 1992, he moved to employ a real estate broker to sell the residence. The bankruptcy court denied the motion without prejudice so Trustee could obtain certain additional information.

Trustee had taken immediate possession of the vehicle. On June 3, 1992, he gave notice to Debtor and all interested parties of his intention to sell the vehicle. The sale was completed on June 20, 1992, three days before the conclusion of the creditors' meeting. On July 15, 1992, Trustee paid Debtor the statutory exemption amount of $1,200 for the vehicle. Trustee stated that Debtor accepted the payment without protest.

Although there is no written objection by Debtor in the record on appeal, Debtor's declaration in response to the subsequent turnover motion stated that she objected to Trustee regarding the sale of both the car and the residence, and was "confused" by the transactions.

On July 15, 1992, Trustee filed a Trustee's Report in Asset Case. On or about that same date, Trustee sent a Notice of Asset Case to all parties.

Trustee renewed his application to employ a real estate broker to sell the residence on October 9, 1992, and his motion was granted by order of October 13, 1992. Trustee, in his opening brief, explained the delay in bringing the renewed motion as follows:

> Taking into account the current market appraisal, the costs of sale, *the then-valid $100,000.00 statutory exemption,* and the appellate court's recent decisions holding the trustee responsible for all tax consequences which might result from the sale of the real property, the trustee decided

---

**3.** The Ninth Circuit has clarified that the 30–day period begins to run on the day when a continued Creditor's Meeting is finally concluded. *In re Bernard,* 40 F.3d 1028, 1031 (9th Cir.1994), cert. denied, —— U.S. ——, 115 S.Ct. 1695, 131 L.Ed.2d 559 (1995).

not to attempt to market the property at that time, since there appeared to be questionable value to the estate.

(Emphasis added).

On December 1, 1992, Trustee filed a motion for sale of the residence, free and clear. Canino's daughter intervened, and the court set an adversary proceeding. Canino's daughter did not object to the sale, but demanded Canino's half of the proceeds for his joint interest in the property. The bankruptcy court granted Trustee's motion and the residence was sold for $145,000, per the bankruptcy court's order of January 8, 1993. The court also ordered Trustee to hold the balance of proceeds in a blocked account, after payment of taxes, fees and sale costs.

Following a trial on the complaint in August of 1993, the bankruptcy court awarded Canino's conservator one-half of the net sale proceeds, representing his joint ownership interest.

The balance of proceeds from the sale of the car and the residence was approximately $62,000. The total amount of unpaid claims and administrative expenses was approximately $12,800.

*Motion for Turnover*

On or about May 9, 1994, Trustee filed a motion for turnover of the funds in the account to the estate, and he sought the court's determination of the amount, if any, of exempt proceeds still available to Debtor. Trustee argued that Debtor had already received her statutory exemption for the vehicle, and that she was entitled to no more than $50,000 for her statutory exemption in the residence.[4]

Debtor objected to the motion in her response of June 7, 1994. Debtor filed her declaration in opposition, stating that it was her understanding that the residence and car were exempt assets. She stated that she was then living with relatives in Texas and needed the money to reinvest in property there. She argued that Trustee had failed to timely object to the exemptions; therefore, she was entitled to all amounts claimed. She

also demanded the immediate release of at least the $50,000 statutory exemption.

A hearing was held on the motion on July 13, 1994. At the time of the hearing, pursuant to a stipulation, Trustee had disbursed $50,000 to Debtor, as the amount of her statutory homestead exemption. Therefore, the remaining dispute concerned the disposition of the balance which was approximately $12,000.

The bankruptcy court made oral findings of fact and conclusions of law, and it granted Trustee's motion in its minute entry order of July 20, 1994. The bankruptcy court did not make a finding regarding Debtor's good faith or lack thereof in preparing or in not amending the bankruptcy schedules. The bankruptcy court concluded that under the "particular constellation of events" in this case, Trustee's actions during the period available for objections to exemptions constituted an informal objection under Fed.R.Bankr.P. 4003(b). Therefore, the bankruptcy court held that the estate was entitled to the balance of proceeds over and above Debtor's statutory exemptions of $1,200 for the car and $50,000 for the homestead.

## ISSUES

I. Whether the bankruptcy court erred by concluding that Trustee's activities in relation to the sale and distribution of the assets claimed by Debtor as exempt constituted an informal objection under Fed.R.Bankr.P. 4003(b).

II. Whether the bankruptcy court's broad equitable powers under 11 U.S.C. 105(a) enabled it to fashion a remedy that would limit a claimed exemption to the statutory exemption amount.

## STANDARD OF REVIEW

A question of statutory interpretation is reviewed *de novo, In re Orvco, Inc.,* 95 B.R. 724, 726 (9th Cir. BAP 1989), as is the scope of an exemption. *In re Pikush,* 157 B.R. 155, 156 (9th Cir. BAP 1993), *aff'd,* 27 F.3d 386 (9th Cir.1994). Mixed questions of

4. This amount is either from Cal.Civ.Proc.Code § 704.730(a)(1), which entitles an individual debtor to $50,000, or § 704.730(a)(3) and (b), which allow a joint owner spouse the proportionate share of $100,000.

fact and law are reviewed *de novo. Boone v. United States,* 944 F.2d 1489, 1492 (9th Cir. 1991). Such a question arises when the historical facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule. *Pullman–Standard v. Swint,* 456 U.S. 273, 289 n. 19, 102 S.Ct. 1781, 1791 n. 19, 72 L.Ed.2d 66 (1982); *Moss v. Comm'r,* 831 F.2d 833, 838 n. 9 (9th Cir.1987). The bankruptcy court's determination that Trustee's acts constituted an informal objection is a mixed question of fact and law.

■ The bankruptcy court has broad equitable powers and its equitable remedies are reviewed for an abuse of discretion. *Stone v. City & County of San Francisco,* 968 F.2d 850, 861 (9th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1050, 122 L.Ed.2d 358 (1993); *In re Goldberg,* 168 B.R. 382, 384 (9th Cir. BAP 1994).

## DISCUSSION

■ Section 522 governs exemptions under the Bankruptcy Code. California has enacted legislation "opting out" of the federal exemption scheme, pursuant to § 522(b)(1). Cal.Civ.Proc.Code § 703.130 (West 1995). Subsequently, substantive issues regarding claimed exemptions are governed by California law. *In re Moffat,* 107 B.R. 255, 258 (Bankr.C.D.Cal.1989), *aff'd,* 119 B.R. 201 (9th Cir. BAP 1990), *aff'd,* 959 F.2d 740 (9th Cir.1992). California intended a liberal homestead statute so its citizens would not lose their homes through a technicality. *In re Donaldson,* 156 B.R. 51, 53 (Bankr. N.D.Cal.1993), aff'd, No. C93–3658–FMS, 1994 WL 6903 (N.D.Cal. Jan. 6, 1994). However, liberal construction in favor of the debtor does not give a court license to rewrite the statutory language. *In re Kahan,* 28 F.3d 79, 83 (9th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1100, 130 L.Ed.2d 1067 (1995) (citing *In re Anderson,* 824 F.2d 754, 759 (9th Cir.1987)).

Section 522(*l*) states the procedure for claiming exemptions and objecting to claimed exemptions as follows:

> The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

11 U.S.C. § 522(*l*).

Because of its terms, this provision has been referred to as "exemption by default" or "exemption by declaration." *See In re Mohring,* 142 B.R. 389, 393–94 and n. 14 (Bankr.E.D.Cal.1992), *aff'd,* 153 B.R. 601 (9th Cir. BAP 1993), *aff'd,* 24 F.3d 247 (9th Cir. 1994); *In re Peterson,* 920 F.2d 1389, 1393 (8th Cir.1990).

Fed.R.Bankr.P. 4003 governs the objection process. Subsection (a) provides that the debtor shall list the property claimed as exempt under § 522 in his or her schedules. Subsection (b) of the rule provides that the trustee or any creditor may file objections to the claimed exemptions within 30 days after the conclusion of the meeting of creditors, or the filing of any amendment to the list, unless, within such period, further time is granted by the court. Subsection (c) places the burden of proof on the objecting party. It also provides for notice and hearing on the objections.

In this case, it is undisputed that Trustee did not make a formal objection to the listed exemptions within the 30–day period.

*Trustee's Timely "Informal" Objection*

■ Debtor contends that this appeal is controlled by the United States Supreme Court ruling in *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).[5] In *Taylor,* the debtor disclosed and

---

5. *Taylor* was decided on April 21, 1992, six days after the bankruptcy filing but prior to the expiration of the objection period under Fed. R.Bankr.P. 4003. Trustee argued that it could not be applied retroactively. The bankruptcy court rejected this argument, and we agree. *See In re Pugh,* 167 B.R. 251, 253 (Bankr.M.D.Fla.

1994) (debtor's right to claim settlement proceeds conclusively determined based on *Taylor* because decision was handed down prior to expiration of time for filing objections). Furthermore, *Taylor* followed a line of Supreme Court cases dealing with the methodology for interpretation of the Bankruptcy Code according to its

claimed as exempt the proceeds of an employment discrimination judgment which was unliquidated at the time of the creditors' meeting. The trustee was fully aware of both the claim and the fact that it was not exempt under any applicable law, but failed to object or to obtain an order enlarging the time to object within the prescribed 30 days. The judgment then became liquidated during the pendency of the bankruptcy case, and had a value exceeding $100,000. Only then did the trustee complain and seek to have the fund turned over to the estate. He argued that a literal reading of Fed.R.Bankr.P. 4003 would result in bad policy for it would encourage debtors to claim unauthorized exemptions in bad faith, in the hope that objections would not be made though oversight or lack of concern.

The Supreme Court strictly construed § 522(*l*) and Fed.R.Bankr.P. 4003 and held that if no objection is raised to a debtor's list of exempt properties within the prescribed time limit, the claimed exemptions are rendered exempt and their validity cannot be contested whether or not there is a colorable statutory basis for claiming them. *Taylor*, 503 U.S. at 643–44, 112 S.Ct. at 1648. *Taylor* held that the code provisions must be read according to their plain meaning, even if that resulted in debtors exempting property in which they had no lawful claim. 503 U.S. at 643–44, 112 S.Ct. at 1648. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality," the Court held. *Id.*

The instant case is factually dissimilar to *Taylor.* While the potential proceeds in *Taylor* were unknown, here, Trustee knew that the claimed exemption exceeded the statutory limits.

In *Taylor,* the trustee did nothing. The Supreme Court stated that he "could have sought a hearing on the issue ... or he could have asked the Bankruptcy Court for an extension of time to object." *Id.* The bankruptcy court found that Trustee in this case

did something. He took some actions inconsistent with Debtor's listed exemptions during the 30–day period provided by Fed. R.Bankr.P. 4003: 1) he took possession of the car, noticed it for sale and sold it; 2) he applied for employment of a real estate broker to sell the residence; 3) he filed a Trustee's Report of Assets; and 4) he sent out a Notice of Asset Case.

Nevertheless, we do not agree that the actions by Trustee rose to the level of an objection under Fed.R.Bankr.P. 4003, for three reasons: 1) Trustee was only performing his duties and assumed the risk of violating Debtor's claimed exemption; 2) Fed. R.Bankr.P. 4003 does not provide for informal objections; and 3) *Taylor* stands for the proposition that the bankruptcy court may not generally use equitable considerations to allow untimely objections.

■ A trustee has an affirmative duty to collect and reduce to money the property of the estate and to close the estate as expeditiously as is compatible with the best interest of parties in interest. *See* § 704(1); *In re Riverside–Linden Inv. Co.,* 85 B.R. 107, 111 (Bankr.S.D.Cal.1988), *aff'd,* 99 B.R. 439 (9th Cir. BAP 1989), *aff'd,* 925 F.2d 320 (9th Cir.1991). In this case, Trustee proceeded with his duties expeditiously, by selling the vehicle and taking steps to sell the residence in the 30 days following the creditors' meeting. Trustee acted on the assumption that Debtors were entitled to the statutory exemption limit of $1,200 for the car and the $100,000 statutory homestead exemption. When Canino was dismissed from the bankruptcy, it was too late to object to the $100,000 exemption; therefore, Trustee agreed in these proceedings that Debtor was entitled to $50,000, either as her individual exemption or as her proportionate interest in the homestead exemption. Trustee also sent a Notice of Asset Case to all creditors and parties in interest.

While these actions show that Trustee believed there were assets over and above the

"plain meaning." The *Taylor* ruling did not change the statute, but applied a known statutory construction to the code provisions. *See also, Toibb v. Radloff,* 501 U.S. 157, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991); *Union Bank v. Wolas,* 502 U.S. 151, 112 S.Ct. 527, 116 L.Ed.2d 514

(1991); *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986); *Midlantic Nat. Bank v. New Jersey Dept. of Environmental Protection,* 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986); *Watt v. Alaska,* 451 U.S. 259, 101 S.Ct. 1673, 68 L.Ed.2d 80 (1981).

statutory exemption limits, they do not amount to an objection as to the exemptions claimed because they were simply Trustee's duties according to his erroneous assumption that Debtors' claimed exemptions were not valid. If he believed the claimed exemptions were not valid, it was his duty to object to the claimed exemptions, which he did not do.

The bankruptcy court concluded that Trustee's actions constituted an informal objection under Fed.R.Bankr.P. 4003, and analogized such an objection to an informal proof of claim. It is well-established that liberal amendment policy has created a validation of informal proofs of claim under Fed. R.Bankr.P. 3001(a). *See In re Anderson–Walker Indus., Inc.,* 798 F.2d 1285, 1287–88 (9th Cir.1986). Fed.R.Bankr.P. 3001 provides that a proof of claim shall be a "written statement ... [which] shall conform substantially to the Official Form" Fed.R.Bankr.P. 3001(a). Nevertheless, the Ninth Circuit has held that "even though no document is filed with the bankruptcy court, an informal proof of claim may arise out of demands against the estate or out of correspondence between a creditor and the trustee or debtor-in-possession which demonstrate an intent on the part of the creditor to assert a claim against the bankruptcy estate." *In re Town & Country Home Nursing Services, Inc.,* 963 F.2d 1146, 1153 (9th Cir.1991). An informal proof of claim must be an "explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable." *In re Franciscan Vineyards, Inc.,* 597 F.2d 181, 182 (9th Cir. 1979), *cert. denied,* 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980). Furthermore, it must not prejudice the opposing party. *In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 816 (9th Cir.1985).

In contrast, Fed.R.Bankr.P. 4003 does not prescribe the form for an objection to an exemption. It does not allude to an official form or specific writing, which could generate errors that amount to technicalities, leading to a need to promote liberal amendment. Fed.R.Bankr.P. 4003(b) states that the trustee or any creditor "may file objections to the list of property." Since the rule does not provide for a formal objection, it is illogical

that there could be an informal objection under its provisions. In other words, there is either an objection or no objection. However, one lesson to be learned from an analogy to the informal proof of claim is that the objection must be explicit and not prejudicial to the debtor.

Trustee's actions in this case did not constitute an explicit objection to Debtor's claimed exemptions. In any case, as to the residence, the pertinent actions were taken after the time to object had passed. Debtor stated that Trustee's actions were "confusing" because she thought she was entitled to retain possession of the assets. *Compare, In re Braun,* 138 B.R. 327, 333 (Bankr.D.Me. 1992) (judgment creditors communicated that debtor was not entitled to claimed exemption in their response to motion to avoid judicial lien). Unfortunately, it appears that to condone *de facto* objections under Fed. R.Bankr.P. 4003, would mean that trustees and creditors everywhere will be improperly seizing assets. *See In re Riso,* 170 B.R. 484 (Bankr.D.N.H.1994) (court declined to rule on whether trustee's seizure of debtors' IRA account was the equivalent of an objection). Fed.R.Bankr.P. 4003 also provides for notice and hearing on the objection. The panel has grave misgivings that Trustee's actions, if accepted as an informal objection, would violate Debtor's due process rights or, at the least, be prejudicial to Debtor.

*Section 105(a)*

▮ Section 105(a) gives the bankruptcy court broad equitable powers:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules or to prevent an abuse of process.

11 U.S.C. 105(a).

▮ The bankruptcy court "has the inherent power to correct mistakes and errors in order to prevent manifest injustice." *In re Replogle,* 70 B.R. 444, 446 (Bankr.

D.Mont.1987). However, a court may exercise its equitable power only as a means to fulfill some specific code provision; it may not use its equitable power to achieve a result not contemplated by the code. *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988).

### a) creation of informal objection

Trustee contends, without citing any authority, that the bankruptcy court may create an informal objection as an equitable remedy. The Supreme Court in *Taylor* recognized the potential for abuse under § 522(*l*):

> Taylor suggests that our holding will create improper incentives. He asserts that it will lead debtors to claim property exempt on the chance that the trustee and creditors, for whatever reason, will fail to object to the claimed exemption on time. He asserts that only a requirement of good faith can prevent what the Eighth Circuit has termed "exemption by declaration." This concern, however, does not cause us to alter our interpretation of § 522(*l*).

503 U.S. at 644, 112 S.Ct. at 1648 (internal citation omitted).

*Taylor* did not consider § 105(a). However, the problem with Trustee's argument is that "equitable considerations no longer seem to have a place in a Fed.R.Bankr.P. 4003(b) analysis after *Taylor*," even in situations where the debtors did not have a valid exemption under state law. *Stoulig v. Traina,* 169 B.R. 597, 599 (E.D.La.1994) [6], *aff'd,* 45 F.3d 957 (5th Cir.1995) *See also: In re*

*Knox,* 169 B.R. 62, 63 (Bankr.D.Neb.1994) (trustee knew that proceeds claimed as exempt were not on hand at time of filing bankruptcy but failed to object); *In re Pugh,* 167 B.R. 251, 253–54 (Bankr.M.D.Fla.1994) (debtors' right to settlement proceeds was conclusively determined based on *Taylor*); *In re Cunningham,* 163 B.R. 593, 596 (Bankr.W.D.Wash.1994) (by claiming property as exempt, debtor was able to prevent distribution of sale proceeds within the context of the bankruptcy case); *In re Streeper,* 158 B.R. 783, 785–86 (Bankr.N.D.Iowa 1993) (homestead is deemed exempt under § 522(*l*) if timely objection is not made); *Mohring,* 142 B.R. at 393 (property exempt by default under § 522(*l*) is exempt regardless of whether the exemption is valid).

The gist of these cases is that the objecting party must meet its burden under the requirements of § 522(*l*) and Fed.R.Bankr.P. 4003 without any equitable help from the court.[7] Some Ninth Circuit cases have made inroads on *Taylor*. For example, where a claimed exemption is ambiguous, it will be resolved against the debtor. *See In re Kahan,* 28 F.3d 79 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1100, 130 L.Ed.2d 1067 (1995); *In re Hyman,* 967 F.2d 1316 (9th Cir.1992). Yet, these decisions have also suggested that the uncontested, unambiguous listed exemption stands, even if it is only for the statutorily correct amount and debtors later improperly seek to increase it.[8]

We hold that to the extent the bankruptcy court used its powers under § 105(a) to carve

---

**6.** Prior to *Taylor,* there was a series of "exemption by declaration" cases which held that the proper analysis of cases where debtors have claimed exemptions in excess of the amounts allowable under the law was either to examine fully the merits of the claimed exemption, or to determine whether the debtor had a good-faith statutory basis for the claimed exemption. *See In re Riso,* 170 B.R. 484, 488 (Bankr.D.N.H. 1994) (applying good-faith approach to exemptions claimed in 1984); *see also In re Peterson,* 920 F.2d 1389, 1393–94 (8th Cir.1990); *In re Dembs,* 757 F.2d 777, 780 (6th Cir.1985); *In re Sherk,* 918 F.2d 1170, 1174 (5th Cir.1990).

**7.** Other remedies may be applicable, such as sanctions under Fed.R.Bankr.P. 9011, criminal penalties for fraud under 18 U.S.C. § 152, or denial of discharge for fraudulent claims; or if all else fails, Congress can amend the statute.

**8.** Trustee argued below that *In re Hyman,* 123 B.R. 342 (9th Cir. BAP 1991), *aff'd,* 967 F.2d 1316 (9th Cir.1992), controls this case and would allow an untimely objection. The bankruptcy court prudently disagreed.

In *Hyman,* the debtors listed the statutorily correct exemption amount of $45,000 under an exemption for their "homestead." The trustee did not object and instead applied to employ a real estate broker to sell the home. Surprised by the trustee's actions, debtors filed for declaratory judgment that their listed exemption as "homestead" meant they were claiming the entire value of their home. The bankruptcy court granted the trustee's motion for summary judgment holding, in effect, that he was not precluded from objecting to the exemption claim after the time fixed by Fed.R.Bankr.P. 4003.

On appeal, the Bankruptcy Appellate Panel determined that this was a case involving a dis-

out an "informal" or *de facto* exception to the plain requirements of § 522(*l*) and Fed. R.Bankr.P. 4003, it abused its discretion. *See Taylor*, 503 U.S. at 645–46, 112 S.Ct. at 1649 (the bankruptcy court has no authority to limit the application of § 522(*l*) to exemptions claimed in good faith); *In re Shoreline Concrete Co., Inc.*, 831 F.2d 903, 905 (9th Cir.1987) (a fundamental principle of equity jurisprudence is that equity follows the law); *see also In re Tucson Yellow Cab Co., Inc.*, 789 F.2d 701, 704 (9th Cir.1986).

Trustee also contends on appeal that the bankruptcy court exercised its equitable powers under § 105(a) to achieve a result consistent with the policy that debtors should not be encouraged to seek in bad faith more than that which the statutes allow. Trustee also alleges in his opening brief that Debtor knowingly abused the bankruptcy process by joining Canino to the bankruptcy petition when she knew or should have known that she did not complete the conservatorship requirements to be conservator of his estate; that she knew or should have known that Canino was not competent to sign the bankruptcy petition; and that she knew or should have known that Canino had not lived in the residence for over one year prior to the filing of the bankruptcy petition.

In other words, Trustee is raising an issue as to Debtor's good faith or lack thereof in claiming the exemptions. This argument is similar to the issue raised by the trustee in *Taylor* concerning the bankruptcy court's power under § 105(a) to disallow exemptions not claimed in good faith. The Supreme Court declined to rule on that issue because it had been raised for the first time in the trustee's opening brief. 503 U.S. at 645–46, 112 S.Ct. at 1649. Likewise, this factual issue has been improperly raised for the first

time on appeal because it was not raised nor resolved in bankruptcy court. *In re Professional Inv. Properties of America*, 955 F.2d 623, 625 (9th Cir.), *cert. denied sub nom. Miller v. Briggs*, —— U.S. ——, 113 S.Ct. 63, 121 L.Ed.2d 31 (1992). Furthermore, the bankruptcy court did not make findings as to Debtor's lack of good faith when it issued its order dismissing Canino from the bankruptcy case, since the facts of the case were intermingled with the conservatorship proceedings.

**b) application of equitable estoppel**

 The panel may affirm the bankruptcy court on any grounds supported by the record. *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1364 (9th Cir.1992); *In re Bradford*, 112 B.R. 347, 353 (9th Cir. BAP 1990). In addition, we may consider a legal issue not raised on appeal where the matter is one of law and further development of the factual record is not necessary. *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir.1985). Whether a filing period is subject to equitable estoppel is a matter of law, reviewed *de novo*. *In re Santos*, 112 B.R. 1001, 1004 (9th Cir. BAP 1990).

 Estoppel is an equitable doctrine, and, generally, a failure to comply with bankruptcy rules may be excused by equitable doctrines. *Id.* Equitable estoppel provides that "he who by his language or conduct leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted." *Farmer Bros. Co. v. Huddle Enter., Inc.*, 366 F.2d 143, 148 (9th Cir.1966) (quoting *Dickerson v. Colgrove*, 100 U.S. 578, 580, 25 L.Ed. 618 (1879)).

 The facts of this case show that equitable estoppel applies to Debtor's objection

pute as to value, and that objections to the existence of an exemption differ from objections to the valuation of property; the latter can be made in due time. *In re Hyman*, 123 B.R. at 348. The BAP also decided that there was no reason for the trustee to object to the claimed exemption because it was a valid homestead exemption according to state law, and he was entitled to sell the property on the basis of that claimed exemption. *Id.*

The Ninth Circuit affirmed, and held that ambiguous exemption claims will be construed against the debtors; thus, the trustee had no

basis for objecting to the $45,000 listed exemption which debtors later tried to expand. *In re Hyman*, 967 F.2d at 1319 and n. 6.

In contrast, in this case, the claimed exemption was obviously in excess of the exemptions provided under California law. It was "tantamount to waiving [sic] a red flag, as if to say, 'It may be worth more than the law allows, but I'm claiming it anyway.'" *Mercer v. Monzack*, 170 B.R. 759, 762 (D.R.I.1994), *aff'd*, 53 F.3d 1 (1st Cir.1995) (quoting *In re Shoemaker*, 155 B.R. 552, 555 (Bankr.N.D.Ala.1992).

to the order as it pertains to the vehicle exemption. Trustee took possession of the vehicle. Within the 30 day objection period, he filed a notice of sale and sent the notice to Debtor and all interested parties. Debtor did not object, but her failure to object at that point did not excuse Trustee's obligation to make formal objection. *See In re Stone*, 6 F.3d 581, 585 (9th Cir.1993) (IRS had no duty to object at any proceeding prior to distribution of sale proceeds). Trustee sold the vehicle on June 20, 1992, and paid Debtor the amount allowed under the California statute on July 15, 1992. He paid her $1,200 although she claimed $7,500. According to the record, Debtor made no objection to the $1,200 distribution. It was after that point that Debtor was equitably estopped from objecting to the amount she received as her exemption for the vehicle.

As noted above, on July 15, 1992, Debtor accepted without objection Trustee's payment to her of the $1,200 amount allowed as an exemption under California law. That occurred eight days prior to the expiration of the time for Trustee to object to the claims of exemption. Obviously, at that point, there was no apparent reason for Trustee to object to the vehicle exemption. Debtor should not be able to complain two years after the fact that she did not receive the proper amount.

▮ Debtor's objection to the proposed homestead exemption distribution, on the other hand, was timely made in response to Trustee's motion for turnover. The sale proceeds were held in a blocked account pending the bankruptcy court's order. In her response, Debtor demanded the immediate release of at least the statutory exemption amount, or $50,000, but also asserted her right to the remaining funds based on her claimed exemption. Thus, her objection was preserved despite Trustee's subsequent distribution by stipulation of $50,000 to Debtor following Debtor's response to the motion but prior to the hearing on the motion.

## CONCLUSION

Debtor's claimed exemption values as to her vehicle and residence were unambiguous and obviously exceeded the statutorily allowed amounts. Trustee failed to object to the claimed exemptions in the time provided

in Fed.R.Bankr.P. 4003. Trustee's actions during the objection period, including selling the car, noticing an asset case, and applying for employment of a real estate broker to sell the residence, did not constitute an informal or *de facto* objection under Fed.R.Bankr.P. 4003. These actions constituted Trustee's affirmative duties, based on his erroneous assumption that the exemptions would not exceed the statutory amounts. They were not explicitly objections to her claimed exemptions and were prejudicial to Debtor by failing to give proper notice and hearing as provided in Fed.R.Bankr.P. 4003. The bankruptcy court's broad equitable power does not enable it to carve out an exception to *Taylor*'s strict construction of § 522(*l*) and Fed.R.Bankr.P. 4003, under the facts of this case. Regarding the vehicle, however, Debtor is equitably estopped from receiving more than the statutory exemption because she accepted the $1,200 exemption distribution without formal protest prior to the expiration of the time for Trustee to object. Regarding the residence, the value claimed as exempt was exempt by default, pursuant to § 522(*l*). The bankruptcy court's order is AFFIRMED as to the vehicle exemption, and REVERSED as to the homestead exemption.