**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHIRLEY ANN MCCLURE; SHIRLEY ANN MCCLURE, AKA Shirley Foose McClure, DBA Sam Marketing Services, <br><br> Appellants, <br><br> v. <br><br> BARRETT STEPHEN LITT, Esquire, <br><br> Appellee. | No. 12-56637 <br><br> D.C. No. 2:09-cv-09400-GW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted December 12, 2014
Pasadena, California

Before: PREGERSON, BERZON, and BEA, Circuit Judges.

Shirley Ann McClure appeals the district court's order affirming the

decision of the bankruptcy court to award Barrett Litt attorney's fees in the amount

of $10,104,503.57. We "will not disturb a bankruptcy court's award of attorneys'

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

fees unless the bankruptcy court abused its discretion or erroneously applied the law." *Kord Enters. II v. Cal. Commerce Bank*, 139 F.3d 684, 686 (9th Cir. 1998). We have jurisdiction under 28 U.S.C. § 158(d). We affirm the district court's order dated August 10, 2012, affirming the bankruptcy court's attorney's fee award of August 31, 2009.

The attorney's fee award stems from Litt's representation of McClure in her suit against the City of Long Beach, California. Long Beach unlawfully prevented McClure from creating several facilities dedicated to the care of individuals suffering from Alzheimer's disease. In 1990, as a result of Long Beach's illegal harassment and other retaliatory actions, McClure filed for voluntary Chapter 11 Bankruptcy in the Bankruptcy Court for the Central District of California. In 1993, the bankruptcy court appointed Litt as Special Litigation Counsel to McClure during her litigation against Long Beach. After more than a decade of legal work by Litt, McClure received a favorable jury verdict against Long Beach on August 24, 2004, and a $20 million settlement on August 22, 2006.

The attorney's fee amount due to Litt is governed by the 1998 Amended Plan of Reorganization approved by the bankruptcy court on January 12, 1998. The 1998 Amended Plan of Reorganization contained the only agreement on Litt's attorney's fee between the parties that was approved by the bankruptcy court.

2

Such an approved plan binds the parties. 11 U.S.C.A. § 1141; *see also In re Caviata Attached Homes, LLC*, 481 B.R. 34, 46 (B.A.P. 9th Cir. 2012).

McClure objects to the attorney's fee award on several grounds, but primarily because of Litt's alleged malpractice during the time he represented McClure in her lawsuit against Long Beach and during his work for McClure after the lawsuit settled. McClure filed malpractice claims against Litt in Los Angeles County Superior Court in July 2008. On November 25, 2009, the bankruptcy court opted not to get involved with adjudicating those claims. Such a decision is not an abuse of discretion when those claims have already been brought in another forum when matters of "economy, convenience, fairness, and comity" are considered. *In re Davis*, 177 B.R. 907, 913 (B.A.P. 9th Cir. 1995) (quoting *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992)). We also decline to address the merits of McClure's malpractice claims against Litt.

McClure's other arguments and other submitted documents fail to show that the bankruptcy court abused its discretion in calculating the attorney's fee owed by McClure to Litt.[1] *See Kord Enters. II*, 139 F.3d at 686. McClure argues the bankruptcy court denied her sufficient discovery opportunities. A bankruptcy

_____

[1] We deny Litt's motion to strike the whole of McClure's excerpts of record and to impose sanctions on McClure. We grant McClure's motion to take judicial notice of five exhibits submitted in support of her appeal.

court abuses its discretion in regard to discovery only if a party "diligently pursued its previous discovery opportunities[.]" *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1024 (9th Cir. 2012) (quoting *Bank of Am., NT & SA v. PENGWIN,* 175 F.3d 1109, 1118 (9th Cir. 1999)). McClure failed diligently to pursue opportunities for discovery against Litt even after the bankruptcy court made discovery available to her. McClure raises a number of additional arguments about the attorney's fee award calculation, none of which is persuasive.

The bankruptcy court's denial of McClure's motion to reconsider the attorney's fee award was not an abuse of discretion. McClure's motion to reconsider raised no significant issues that the bankruptcy court had not earlier considered and decided. *See MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986) (upholding a bankruptcy court's discretion to deny a motion where no significant new information is introduced).

McClure requested that the bankruptcy court grant a rehearing on its decision concerning Litt's attorney's fee award under Fed R. Civ. Pro. 59(e). After oral argument on November 17, 2009, the bankruptcy court denied the request. We find no fault with the bankruptcy court's discretionary call, which the district court affirmed. *See In re Canino*, 185 B.R. 584, 592 (B.A.P. 9th Cir. 1995) (discussing the limits of the bankruptcy court's powers when addressing issues of

4

alleged manifest injustice).  The bankruptcy court's ruling was well within the exercise of sound discretion.

**AFFIRMED**.