**In re Charles William SPENLER, M.D., Debtor.**

**Charles William SPENLER, M.D., Appellant,**

v.

**Alfred H. SIEGEL, Chapter 7 Trustee, Appellee.**

**BAP Nos. CC–96–1093–JSH, CC–96–1174, CC–96–1422.**

**Bankruptcy No. LA 95–26467 LF.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 23, 1997.

Decided Aug. 29, 1997.

---

David M. Reeder, Lewis, D'Amato, Brisbois & Bisgaard, Los Angeles, CA, for Charles William Spenler.

Stuart I. Koenig, Laurie K. Jones, Bronson, Bronson & McKinnon, L.L.P., Los Angeles, CA, for Alfred H. Siegel, Trustee.

Before: JONES, SNYDER,[1] and HAGAN, Bankruptcy Judges.

*OPINION*

JONES, Bankruptcy Judge.

On October 30, 1995, following the conclusion of the 341(a) meeting, the chapter 7[2] trustee filed an "Objection to the Two Individual Retirement Accounts Claimed as Exempt by Debtor; and Request for Order Authorizing Objection to Proceed as a Contested Matter" (the "objection"). In response the debtor filed a motion to deny the objection claiming that the trustee's objection did not conform to the local rules. At the hearing on the debtor's motion, the bankruptcy court denied the debtor's motion and deemed the trustee's objection to be a motion for an extension of time to file a documented objection in conformity with the local rules. This gave rise to the debtor's first appeal [CC–96–1093]. Subsequently, the trustee moved for a further extension of time which was granted by the bankruptcy court. This gave rise to the debtor's second appeal [CC–96–1174]. The trustee ultimately filed a motion in conformity with the local rules seeking disallowance of the debtor's claimed exemption in the Individual Retirement Accounts (the "IRAs"). The bankruptcy court granted the trustee's motion and disallowed the debtor's claimed exemption, giving rise to the debtor's third appeal [CC–96–1422]. The bankruptcy court granted the debtor's

motion for stay pending appeal. The three appeals were consolidated by a BAP order dated August 23, 1996. We **AFFIRM** the decision of the bankruptcy court.

## I. FACTS

The debtor, a 55–year–old single male with no dependents, operates a wholly owned medical practice specializing in burn treatment. At the time of his chapter 7 filing, the debtor had an interest in two IRAs. The IRAs were scheduled by the debtor and were valued at approximately $270,000. The debtor claimed the entire amount of the IRAs as exempt pursuant to California Civil Procedure Code ("C.C.P.") § 704.115.

The first meeting of creditors began on August 4, 1995, and, after two continuances, was concluded on September 29, 1995. On October 30, 1995, the trustee filed an objection to the debtor's claimed exemption of the two IRAs. The objection was filed within the 30–day requirement of Rule 4003(b).[3]

In his pleading the trustee noted that the objection was made at that time to "comply with the timing requirements of Federal Rule of Bankruptcy Procedure 4003(b)." In the objection the trustee stated that he "hereby objects ... to the Exemption claimed by Debtor for two Individual Retirement Accounts" and asked the bankruptcy court for authorization to pursue disallowance of this exemption as a "contested matter" so that further discovery could be conducted. The trustee claimed that he needed further discovery in order to determine whether the debtor's practice was really worthless as the debtor claimed and whether the debtor needed the IRAs in order to provide a "necessary" level of support pursuant to C.C.P. § 704.115.

On or about November 7, 1995, the debtor filed a motion to deny the trustee's objection.

---

1. Hon. Paul B. Snyder, Bankruptcy Judge for the Western District of Washington, sitting by designation.

2. Unless otherwise indicated, all references to Chapters, Sections and Rules are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, and to the Federal Rules of Bankruptcy procedure, Rules 1001, *et seq.*

3. The first meeting of creditors concluded on September 29, 1995, but as the thirtieth day following that date was a Sunday, the pleading was timely filed on Monday, October 30, 1995. Rule 9006(a).

The debtor claimed that the trustee's objection failed to comply with the local rules in that an objection is considered a motion which must be supported by competent evidence. The debtor argued that because the trustee simply asked for more time to conduct discovery, there was no competent evidence supporting the motion and the debtor urged the court to deny the trustee's objection.

On November 28, 1995, the bankruptcy court held a hearing on the debtor's motion. The motion was ultimately denied. However, the bankruptcy court deemed the trustee's objection to be a motion for an extension of time in which to file a properly supported objection to exemption. The bankruptcy court's order entered December 26, 1995, gave the trustee "until January 17, 1996, to file his motion objecting to the Debtor's Two Individual Retirement Accounts Claimed as Exempt, in conformity with applicable rules and supported by admissible evidence." The debtor appealed the bankruptcy court's denial of its motion and the grant of an extension of time to the trustee.

In January of 1996, the trustee moved for a second extension of time alleging that the debtor had not complied with various discovery requests. The debtor opposed the motion and on January 23, 1996, the bankruptcy court heard oral argument on the motions. At the hearing, the debtor acknowledged that certain documents had been produced that very morning and noted, "I suspect that this will result in a short extension of the January 24th time." Indeed, the court granted the trustee until February 5, 1996, to file his motion. The debtor appealed this second extension of time.

On February 5, 1996, the trustee filed its motion for an order disallowing the debtor's claimed exemption in the two IRAs. The debtor timely filed an opposition thereto. On February 27, 1996, the bankruptcy court heard oral argument on the motion and granted the trustee's motion to disallow the claimed exemptions. The debtor appealed.

The bankruptcy court granted the debtor's motion for stay pending appeal. The three appeals were consolidated by BAP order dated August 23, 1996.

## II. ISSUES

1. Whether the bankruptcy court erred in denying the debtor's motion to dismiss the trustee's objection.

2. Whether the bankruptcy court erred in deeming the trustee's objection to be a motion for an extension of time to file a properly supported motion objecting to the debtor's claimed exemption.

3. Whether the bankruptcy court erred in granting the trustee's second request for an extension of time to file a properly supported motion objecting to the debtor's claimed exemption.

4. Whether the bankruptcy court erred in sustaining the trustee's objection to the debtor's claimed IRA exemption.

## III. STANDARDS OF REVIEW

■■■ The proper application of Rule 4003(b) is a question of law which we review de novo. *In re First Alliance Corp.*, 140 B.R. 531, 532 (9th Cir. BAP 1992). The bankruptcy court's findings of facts regarding the necessity of the IRA's for the debtor's support are reviewed under the clearly erroneous standard. *In re Bernard*, 40 F.3d 1028, 1033 (9th Cir.1994), *cert. denied*, 514 U.S. 1065, 115 S.Ct. 1695, 131 L.Ed.2d 559 (1995). The bankruptcy court's application of California exemption law is a question of statutory construction which we review de novo. *In re Morgan*, 149 B.R. 147, 150 (9th Cir. BAP 1993). Once the facts are established and the rule of law is undisputed, whether the facts satisfy the legal rule is a mixed question of fact and law. *Pullman–Standard v. Swint*, 456 U.S. 273, 289 n. 19, 102 S.Ct. 1781, 1790 n. 19, 72 L.Ed.2d 66 (1982); *In re Eastman*, 188 B.R. 621, 624 (9th Cir. BAP 1995). We review mixed questions of fact and law de novo. *Id.*; *Boone v. United States*, 944 F.2d 1489, 1492 (9th Cir. 1991).

## IV. DISCUSSION

### A. The Timeliness of the Trustee's Objection

The debtor's first three issues on appeal are procedural in nature. These issues ema-

nate from the bankruptcy court's denial of the debtor's motion and the bankruptcy court's granting of two extensions of time to file a properly supported motion objecting to the debtor's claim of exemption. These procedural assignments of error arise from the debtor's interpretation of the interplay between Rule 4003(b) and the Central District of California's Local Bankruptcy Rules ("Local Rule") 111(1)(a) and 111(1)(k). As those rules set forth our analytical framework, we begin our analysis there.

Rule 4003(b) states in pertinent part:

· (b) OBJECTIONS TO CLAIM OF EXEMPTIONS. The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.

Thus, Rule 4003(b) requires any objection to be made within 30 days from the close of the first meeting of creditors, unless the court, within the original 30–day period, grants a further extension of time. However, Rule 4003(b), unlike some other bankruptcy rules, proscribes no particular form for objections to exemption claims. *In re Canino*, 185 B.R. 584, 592 (9th Cir. BAP 1995); *compare* Rule 3001(a) (addressing the form of a proof of claim) *with* Rule 4003(b) (addressing objections to exemptions). As a result, some bankruptcy treatises suggest a one-page objection to exemption. *See* 13 Lawrence P. King, *Collier on Bankruptcy* § CS17.13, at Pt. CS17–18 (15th ed. rev.1997) (Objection to Claim of Exemption form).

In the present case the trustee filed a 13–page pleading entitled "Trustee's Objection to the Two Individual Retirement Accounts Claimed as Exempt by Debtor. . . ." In that document, the trustee notes on the first page that he "hereby objects, pursuant to Federal Rule of Bankruptcy Procedure 4003(b), to the Exemption claimed by the Debtor for two Individual Retirement Accounts. . . ." The trustee then continues for an additional twelve pages setting forth facts, issues and objections to the IRAs.

Notwithstanding the objection to the IRAs made by the trustee, the debtor claims that because the objection did not comport with the Local Rules, the objection was not properly made and the bankruptcy court should have denied the objection. In support of his argument, the debtor cites · Local Rules 111(1)(a) and 111(1)(k). Local Rule 111(1)(a) states:

> **Applicability.** The provisions of this rule shall apply to motions, orders to show cause, and all other proceedings except a trial on the merits (all such being included with the term "motion" as used herein) unless otherwise ordered by the Court as provided by the statute, the F.R.Civ.P., the F.R.B.P. or the Local Bankruptcy Rules.

The debtor argued, and the bankruptcy court below agreed, that this rule requires all objections to exemptions to be brought in the form of a motion. Furthermore, the debtor continues, the Local Rules require all motions to be supported by evidence. Specifically, Local Rule 111(1)(k) provides:

> **Evidence on Motions.** Factual contentions involved in any motion or opposition to a motion shall be presented, heard, and determined solely upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.), except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness.

The debtor argues that because the trustee failed to properly support his objection, there was no proper objection to the debtor's claimed exemption made within the 30 day period proscribed by Rule 4003(b). The debtor then cites *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), which holds that if no objection is filed within the 30–day period proscribed by Rule 4003(b) the debtor's claimed exemption is valid. The debtor concludes that because the trustee failed to properly object within the 30–day period, the debtor's IRAs are conclusively exempt. The bankruptcy court disagreed and the debtor appealed.

In addressing the debtor's argument we note at the outset that there appears to have been considerable confusion in the bankrupt-

cy court as to the propriety of the trustee's motion to have this case proceed as a contested matter. The trustee apparently relied upon various bankruptcy treatises which note that the filing of an objection to a claim of exemption initiates a contested matter before the court. *E.g.*, 9 Lawrence P. King, *Collier on Bankruptcy* § 4003.03[2], at 4003–11 (15th ed. rev. 1997); Rule 9014. However, it is clear from the record that what the trustee was actually seeking was the ability to conduct further discovery of the debtor. The trustee apparently believed that by filing an objection and then proceeding as a contested matter, the Part VII rules for discovery would apply.

The bankruptcy court disagreed. The bankruptcy court admonished the trustee: "Customarily, you notice up a 2004 in a timely manner and request an extension of time" rather than file an objection without the required supporting documentation. However, notwithstanding the procedural irregularity, the bankruptcy court "deemed" the trustee's objection "to be a request for an extension of time to file an *appropriate documented* objection to exemption. I will give you until January 17th to file such an objection, supported by *appropriate documentary evidence* . . . ." (emphasis added). A review of the record reveals that the bankruptcy court was not granting the trustee an extension of time in which to object, but was rather granting the trustee an extension of time in which to file the appropriate evidence in support of its objection.

■ Nevertheless, the debtor argues that the bankruptcy court actually granted an extension of time to file an objection, in direct violation of Rule 4003(b). The debtor claims that Rule 4003(b) by its terms limits the court's power to grant any extension of time to file an objection to the original 30 days following the conclusion of the first creditor's meeting. We agree. However, the debtor fails to recognize the distinction between filing an objection and filing a motion in support of an objection.

■ As previously noted, Rule 4003(b) proscribes no particular form for an objection to exemption. Nevertheless the purpose behind Rule 4003(b) is clear. Rule 4003(b) was meant to provide the debtor with timely notice that the trustee or other interested party objects to a debtor's claimed exemption. *In re Young*, 806 F.2d 1303, 1305 (5th Cir.1987).

There are numerous cases where actions taken by a creditor or a trustee were "deemed" objections under 4003(b), even though no pleading styled "objection to exemption" was filed. In *In re Breen*, 123 B.R. 357, 360 (9th Cir. BAP 1991), the BAP held that a trustee's motion for relief from the stay which "in essence objected to the debtors' claim that the truck be exempted as a tool of the trade" constituted an objection filed within the 30 day period for purposes of Rule 4003(b). *See also Young*, 806 F.2d at 1305 (finding objection to be timely where trustee filed a motion requesting that owner of an annuity make all future payments to the trustee); *In re Brown*, 138 B.R. 327, 333 (Bankr.D.Maine 1992) (noting that a response to debtor's motion to avoid a judicial lien "manifested [creditor's] intention to contest [the debtor's] exemption claim and effectively communicated that intention to [the debtor] and the court well within Rule 4003(b)'s thirty day period.") These cases underscore the purpose of Rule 4003(b) which is to provide timely notice to the debtor that the creditor objects to the debtor's claimed exemption.

In the present case, the trustee filed a thirteen-page objection to the debtor's claimed exemption. The trustee did not file a motion to extend the time to file an objection. The trustee specifically objected to the debtor's claimed exemption in the IRAs "to comply with the timing requirements of Federal Rule of Bankruptcy Procedure 4003(b)." The debtor had actual knowledge that the trustee objected to the claimed exemption. In the words of the Fifth Circuit: "Debtor does not, and surely cannot, complain that he did not have actual notice of Trustee's objections. To allow Debtor to gain refuge behind Rule 4003(b) . . . would be to elevate form over substance. We cannot countenance such a wooden application of the Bankruptcy Rules." *Young*, 806 F.2d at 1305.

It is clear from the record that the bankruptcy court granted the trustee an exten-

sion of time "to file an appropriate documented supported objection to the exemption." Therefore, the debtor's contention that the bankruptcy court erred because it actually granted the trustee an extension of time to file an objection must fail.

Having found that the trustee's October 30, 1995, pleading was a timely filed objection to exemption pursuant to Rule 4003(b), the bankruptcy court did not err in denying the debtor's motion to deny the trustee's objection. Therefore, we **AFFIRM** the bankruptcy court's denial of the debtor's motion to deny the trustee's objection. As the trustee's objection was timely filed, we need not reach the debtor's next two assignments of error which claim that the bankruptcy court improperly granted the trustee an extension of time to file an objection.

### B.  The Trustee's Objection to the IRAs

■  Having resolved the procedural questions presented by the debtor, we now turn our attention to the debtor's substantive appeal. The debtor claims that the bankruptcy court erred in sustaining the trustee's objection to the debtor's claimed exemption in two IRAs. The debtor claims that the bankruptcy court failed to properly apply the evidence in determining that the IRAs were not necessary for the debtor's support in retirement.

Both parties agree that C.C.P. § 704.115(e) governs whether the debtor may exempt the two IRAs. Section 704.115(e) provides an exemption:

> only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires....

Cal.Civ.Proc.Code § 704.115(e) (West 1987).

Case law interpreting the "necessary" requirement of C.C.P. 704.115(e) varies dramatically. In *Bernard,* 40 F.3d at 1033, the Ninth Circuit upheld the bankruptcy court's determination that the annuity of a 60–year–old sound technician who earned $200,000 annually was not necessary for his support.

Conversely, in *In re Switzer,* 146 B.R. 1, 6 (Bankr.C.D.Cal.1992), the bankruptcy court found that a 60–year–old debtor with two dependents and health problems was entitled to retain his IRAs because the debtor's unstable employment situation, medical history and tax obligations made it unlikely that the debtor could rebuild his retirement assets in the short amount of time remaining until retirement. In *In re Dalaimo,* 88 B.R. 268, 272 (Bankr.S.D.Cal.1988), the bankruptcy court held that the retired debtor's $11,706 IRA was "reasonably necessary" to sustain the debtor, notwithstanding the debtor's current ability to meet their $2,863 in monthly expenses due to the "inevitable forces of inflation and obsolescence."

■  Although varying in their outcome, each of the foregoing opinions note that the bankruptcy court has wide discretion in determining the amount "necessary" to support the debtor in retirement. The record on appeal reveals that the bankruptcy court below had considerable evidence before it in determining whether the debtor's IRAs were necessary to sustain him in his retirement.

In his pleadings the debtor introduced evidence that he is a single, 55–year–old doctor who worked approximately 80–90 hours per week and who had always intended to retire at age 60. While the debtor did have an interest in his professional medical corporation, the debtor introduced expert testimony about the deteriorating economics of the medical practice and offered evidence that the debtor's specialty medical practice had no resale value. The debtor also offered evidence that his income from an ERISA-qualified pension plan and from Social Security would be approximately $5,209 per month. If the pension payments are added to the debtor's IRAs, the debtor would receive a total of $8,161 per month. However, the debtor projected that his monthly expenses at retirement would be approximately $8,871 per month, leaving a deficit of $710 per month with the IRAs and $3,662 without them. Finally, the debtor introduced evidence that the net annual profit of his medical practice averaged just $5,116 between 1991–1995.

In response, the trustee introduced evidence that the debtor's medical practice grossed in excess of $600,000 in 1995. This revenue provides the debtor with a discretionary income of $250,000 annually, from which the debtor has drawn an annual salary of $151,000. The trustee also noted that the debtor admitted at his deposition that he was in good health. The trustee introduced evidence that the medical corporation did and continues to generate a $30,000 per year contribution to the debtor's ERISA-qualified pension plan. The trustee also noted that the debtor admits that even in the absence of the IRAs, the debtor will have a minimum monthly income of $5,209 from his pension plan and social security, for a minimum yearly income at retirement of $62,508.

On February 27, 1996, the bankruptcy court heard oral argument on the trustee's objection to the claimed exemption. The bankruptcy court engaged the attorneys for both sides, actively questioning them on their respective positions. At the conclusion of the hearing the bankruptcy court made the following findings: (1) "$65,000 per year would appear to me to meet the necessary standard;" (2) many of the debtor's projected expenses "appear excessive for a standard of necessity upon retirement;" (3) "[t]he Debtor is not entitled to retire early;" and (4) "it is probable that he will be able to generate additional income to build up some retirement funds above and beyond his living expenses during the continued employment."

Based upon the record before us, we cannot say that the findings of the bankruptcy court are clearly erroneous. There is undisputed testimony that the debtor would receive at least $62,000 per year in his retirement without the IRAs. This income, taken together with the fact that the debtor is single with no dependents, seems sufficient to meet the debtor's "necessary" needs when he retires.

There is ample support in the record for each of the conclusions reached by the bankruptcy court. Furthermore, case law interpreting the "necessary" standard of living under C.C.P. § 704.115(e) demonstrates that the findings of the bankruptcy court are to be accorded deference in determining wheth-

er the amount claimed as exempt by the debtor is truly necessary for the debtor's support. As the bankruptcy court's determination is not clearly erroneous, and the findings of the bankruptcy court demonstrate that the IRAs were not necessary to the debtor in his retirement, we **AFFIRM** the ruling of the bankruptcy court sustaining the trustee's objection to the debtor's claimed exemption in the IRAs.

## V. CONCLUSION

The trustee's October 30, 1995, pleading was a timely filed objection to the debtor's claimed exemption in two IRAs which put the debtor on notice as to the trustee's objections. Furthermore, the bankruptcy court's finding that the IRAs were not "necessary" for the support of the debtor after his retirement is not clearly erroneous. Therefore, we **AFFIRM** the ruling of the bankruptcy court.