FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IN RE ADAM LEE,
*Debtor*,

ADAM LEE,
*Plaintiff-Appellant*,

v.

DANE S. FIELD, Chapter 7 Trustee,
*Defendant-Appellee.*

No. 15-17451

D.C. No.
1:15-cv-00278-
SOM-RLP

OPINION

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Argued and Submitted February 15, 2018
Honolulu, Hawaii

Filed May 7, 2018

Before: Diarmuid F. O'Scannlain, Richard R. Clifton,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta

## SUMMARY*

### Bankruptcy

The panel affirmed the district court's affirmance of the bankruptcy court's turnover order compelling a debtor to relinquish possession of two properties.

Before filing his petition in bankruptcy, the debtor transferred his interests in the two properties into a tenancy-by-the-entirety estate. He subsequently claimed an exemption for those interests under 11 U.S.C. § 522(b)(3). The bankruptcy trustee successfully brought an adversary proceeding to set aside the debtor's transfers of the property interests.

The debtor argued that the trustee had failed to make a timely objection to his claimed exemptions, and therefore the exemptions were valid notwithstanding the avoidance of the transfer. The panel held that the trustee's adversary complaint contesting the basis for the exemptions qualified as an objection to those exemptions under Federal Rule of Bankruptcy Procedure 4003. The bankruptcy court therefore properly granted the turnover order, thus denying the claimed exemptions.

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Ted N. Pettit (argued), Case Lombardi & Pettit, Honolulu, Hawaii, for Plaintiff-Appellant.

Enver W. Painter Jr. (argued), Honolulu, Hawaii; Simon Klevansky and Nicole D. Stucki, Klevansky Piper LLP, Honolulu, Hawaii; for Defendant-Appellee.

**OPINION**

IKUTA, Circuit Judge:

Before filing a petition in bankruptcy, Adam Lee transferred his interests in two properties into a tenancy-by-the-entirety estate, and subsequently claimed an exemption for those interests under 11 U.S.C. § 522(b)(3). The trustee successfully brought an adversary proceeding to set aside Lee's transfers of those interests. When the trustee sought a turnover order to compel Lee to relinquish possession of the properties, Lee resisted. He argued that the trustee had failed to make a timely objection to the exemptions under Rule 4003 of the Federal Rules of Bankruptcy Procedure, and therefore Lee's exemptions were valid notwithstanding the court's avoidance of the transfer. The bankruptcy court disagreed. It granted the turnover order, thus denying the claimed exemptions. We hold that the trustee's adversary complaint contesting the basis for Lee's exemptions qualified as an objection to those exemptions under Rule 4003. We therefore affirm.

I

We begin by setting out the applicable bankruptcy law. The Bankruptcy Code allows debtors to exempt certain property from the bankruptcy estate, in order to avoid distribution to the estate's creditors. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992). A debtor may claim an exemption for "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B). As relevant here, Hawaii law allows for the creation of tenancy-by-the-entirety interests. Haw. Rev. Stat. § 509-2. "A tenancy by the entirety is a unique form of ownership in which both spouses are jointly seized of property such that neither spouse can convey an interest alone . . . ." *Traders Travel Int'l, Inc. v. Howser*, 753 P.2d 244, 246 (Haw. 1988). Hawaii law exempts such interests from creditors of an individual spouse. *Sawada v. Endo*, 561 P.2d 1291, 1296–97 (Haw. 1977); *see also In re Cataldo*, 224 B.R. 426, 429 (B.A.P. 9th Cir. 1998).

The Bankruptcy Code requires the debtor to file a list of claimed exemptions, and provides that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l). The Supreme Court has made clear that if the time period set out in the applicable bankruptcy rules expires without a qualifying objection, the exemption becomes final regardless "whether or not [the debtor] had a colorable statutory basis for claiming it." *Taylor*, 503 U.S. at 644; *see also Law v. Siegel*, 134 S. Ct. 1188, 1196 (2014) ("[A] trustee's failure to make a timely objection prevents him from challenging an exemption."). As a general rule, "exempt property immediately revests in the

debtor" upon expiration of the objection period. *In re Mwangi*, 764 F.3d 1168, 1175 (9th Cir. 2014).

Rule 4003 of the Federal Rules of Bankruptcy Procedure requires that a party in interest, including a trustee, "file an objection" to a claimed exemption "within 30 days after the meeting of creditors held under [11 U.S.C.] § 341(a) is concluded." Fed. R. Bankr. P. 4003(b)(1).[1] "However, Rule

---

[1] Bankruptcy Rule 4003 states, in pertinent part:

(b) Objecting to a Claim of Exemptions.

(1) Except as provided in paragraphs (2) and (3), a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

(2) The trustee may file an objection to a claim of exemption at any time prior to one year after the closing of the case if the debtor fraudulently asserted the claim of exemption. The trustee shall deliver or mail the objection to the debtor and the debtor's attorney, and to any person filing the list of exempt property and that person's attorney.

. . .

(4) A copy of any objection shall be delivered or mailed to the trustee, the debtor and the debtor's attorney, and the person filing the list and that person's attorney.

4003(b), unlike some other bankruptcy rules, proscribes no particular form for objections to exemption claims." *In re Spenler*, 212 B.R. 625, 629 (B.A.P. 9th Cir. 1997). In addition, Rule 4003 imposes some procedural requirements. For instance, "[a] copy of any objection" must "be delivered or mailed to the trustee, the debtor and the debtor's attorney, and the person filing the list [of exemptions] and that person's attorney." Fed. R. Bankr. P. 4003(b)(4). Moreover, Rule 4003(c) provides that in any hearing under the rule, "the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). "After hearing on notice, the court shall determine the issues presented by the objections." *Id.*

## II

We now turn to the facts of this case. Lee, a real estate developer operating on Oahu, experienced various financial difficulties beginning in 2008. In September 2010, Lee met with a bankruptcy attorney, Chuck Choi, and discussed filing for a possible bankruptcy. A few days later, Lee conveyed his 90 percent interest in 4014 Palua Place #1 (Palua 1) and his 75 percent interest in 4014 Palua Place #2 (Palua 2) to himself and his spouse, Yuka Yahagi Lee, as tenants by the entirety.[2]

---

> (c) Burden of Proof. In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections. . . .

[2] Lee and his spouse own the remaining 10 percent of Palua 1 as tenants by the entirety as a result of a prior transfer from Lee's father,

Lee filed a Chapter 7 bankruptcy petition on August 12, 2013. Shortly thereafter, Lee filed his schedules, listing debts of approximately $4 million ($2.9 million to unsecured creditors and $1.1 million to secured creditors). In his Schedule A, listing his real property interests, Lee included his tenancy-by-the-entirety interests in Palua 1 and Palua 2. In his Schedule C, Lee elected to claim state-law exemptions under 11 U.S.C. § 522(b)(3) and claimed exemptions under Hawaii state law for his tenancy-by-the-entirety interests in both Palua 1 ($669,000) and Palua 2 ($262,848).

Pursuant to 11 U.S.C. § 341, the trustee held a meeting of creditors that concluded on December 19, 2013. During the meeting, the trustee confirmed that Lee's spouse did not pay anything for the interest that she received in the transfer to the tenancy-by-the-entirety estate, and the trustee then suggested to Lee's counsel that the trustee was "probably looking at a fraudulent transfer case on that." At the conclusion of the meeting, Lee testified that he transferred his interests in Palua 1 and Palua 2 to the tenancy-by-the-entirety estate for "exemption planning," after meeting with his attorney to discuss a possible bankruptcy.

On January 14, 2014, the trustee filed an adversary proceeding in bankruptcy court against Lee and his spouse. The complaint asked the court to set aside Lee's transfers of his interests in Palua 1 and Palua 2 to his tenancy-by-the-entirety estate as a fraudulent transfer, but did not cite 11 U.S.C. § 522(b)(3) or ask the court to deny Lee's claimed state-law exemptions in his Schedule C.

which is not at issue in this proceeding. A third-party creditor owns the remaining 25 percent of Palua 2, which is also not at issue in this appeal.

After a three-day trial in February 2015, the bankruptcy court found that the trustee had "proved, by clear and convincing evidence, that Mr. Lee transferred his interest in the Palua Place properties to himself and his wife with actual intent to hinder, delay, or defraud his existing and future creditors." The bankruptcy court cited Lee's own testimony that he had made the transfers in order to protect his interest in the properties, as well as the "powerful circumstantial evidence" of Lee's financial difficulties at the time of the transfers. Accordingly, the bankruptcy court avoided the transfers under 11 U.S.C. § 544(b) and Hawaii law.[3] On March 10, 2015, the bankruptcy court issued a final judgment avoiding the transfers, but did not expressly state that it was denying the exemptions.

Lee appealed this ruling to district court and moved for a stay pending appeal. The district court denied the stay on May 6, 2015, and affirmed the bankruptcy court's judgment on September 21, 2015. We dismissed Lee's appeal of the district court's order for failure to prosecute.

While Lee's appeal of the bankruptcy court's judgment in the fraudulent transfer proceeding was pending in district court, the trustee filed a motion in bankruptcy court on May 18, 2015, seeking the turnover of various records and assets of Lee, including Palua 1 and Palua 2, so that the trustee could convert those assets into money for the estate. The

---

[3] 11 U.S.C. § 544(b)(1) allows a trustee to "avoid any transfer . . . that is voidable under applicable law by a creditor holding an unsecured claim that is allowable." Hawaii law provides that a transfer made "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor" is fraudulent, Haw. Rev. Stat. § 651C-4(a)(1), and therefore avoidable. A creditor may obtain "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim." Haw. Rev. Stat. § 651C-7(a)(1).

trustee argued that an order requiring Lee to turn over the Palua properties was necessary because Lee had been interfering with efforts to liquidate the properties for the estate.

In his opposition to the trustee's motion for a turnover of property, Lee argued that he was not required to turn over Palua 1 and Palua 2 because he had claimed exemptions in both properties and the trustee had failed to file a timely objection within 30 days of the conclusion of the creditor's meeting, as required by Rule 4003(b)(1). Lee further contended that absent the property interests listed on his Schedule C (as well as other costs contested by the trustee), there was insufficient value remaining in the Palua 1 and 2 properties to merit a sale and that the bankruptcy estate should instead abandon its interest in the properties.

The bankruptcy court granted the trustee's turnover motion, concluding that the complaint filed in the adversary proceeding satisfied the requirements of Rule 4003. The district court affirmed the grant of the turnover order, and Lee timely appealed.[4]

## III

We have jurisdiction under 28 U.S.C. § 158(d)(1) because the bankruptcy court's turnover order constituted a formal

---

[4] While Lee's appeal of the turnover order was pending in district court, the bankruptcy court granted the trustee's motion to authorize a sale of Palua 1. Lee filed a separate appeal. In a concurrently filed memorandum disposition, we affirm the district court's dismissal of Lee's appeal of the sale order as moot. *See Lee v. Field*, No. 16-15108 (9th Cir. May 7, 2018).

denial of Lee's claimed exemptions. *See In Re Gilman*, – F.3d –, 2018 WL 1769088, at *3–4 (9th Cir. Apr. 13, 2018). We look through the district court's decision and "review the bankruptcy court decision directly." *Gladstone v. U.S. Bancorp*, 811 F.3d 1133, 1138 (9th Cir. 2016) (quoting *In re DAK Indus., Inc.*, 66 F.3d 1091, 1094 (9th Cir. 1995)). We review the bankruptcy court's factual findings for clear error, and its conclusions of law de novo. *Id.*

Lee concedes that the trustee filed his adversary complaint in the fraudulent transfer proceeding within 30 days after the conclusion of the creditors' meeting, but argues that the complaint did not constitute an objection to his claimed exemptions for purposes of Rule 4003, because it did not expressly state that the trustee objected to the exemptions. Therefore, we must determine whether the trustee's fraudulent transfer complaint met the requirements of Rule 4003.

Rule 4003(b) sets forth the procedure for objecting to a claim of exemptions. As noted above, "Rule 4003(b), unlike some other bankruptcy rules, proscribes no particular form for objections to exemption claims." *In re Spenler*, 212 B.R. at 629. Its purpose, however, is to "provide the debtor with timely notice that the trustee or other interested party objects to a debtor's claimed exemption." *Id.* at 630 (citing *In re Young*, 806 F.2d 1303, 1305 (5th Cir. 1987), *overruled on other grounds by In re Orso*, 283 F.3d 686, 694 (5th Cir. 2002) (en banc)).

The adversary complaint here gave Lee more than adequate notice that the trustee objected to Lee's claimed exemptions. In this context, an adversary action and an objection under Rule 4003 are inextricably intertwined. Lee

could claim a state-law exemption in his interests in Palua 1 and Palua 2 only because he had previously conveyed them to himself and his spouse as tenants by the entirety. Because property held in a tenancy by the entirety was exempt from Lee's creditors under Hawaii law, *see Sawada*, 561 P.2d at 1297, the trustee had no legal basis for objecting to the claimed exemptions unless he could avoid the transfer of that property interest. In order to set aside Lee's transfers and recover some portion of the challenged interests in Palua 1 and Palua 2 for the benefit of the bankruptcy estate, the trustee had to bring an adversary proceeding. *See Havoco of Am., Ltd. v. Hill*, 197 F.3d 1135, 1140 (11th Cir. 1999). Accordingly, by bringing the adversary action, the trustee attacked the basis for Lee's exemptions in order to recover the property for the estate; the proceeding would have been pointless if Lee could retain his exemptions and therefore retain his fraudulently transferred property interests. *See In re Mwangi*, 764 F.3d at 1175. Because it was apparent that the adversary action's sole purpose was to prevent Lee from retaining the exemptions, Lee had adequate notice that the trustee objected to them. Accordingly, while including an express objection to the claimed exemptions in his complaint or other filing would have been a better practice, the trustee's action in filing the adversary complaint sufficiently constituted an objection to the exemption that satisfies Rule 4003.

Further, the adversary complaint and proceeding met Rule 4003's procedural requirements. It is undisputed that the complaint was timely filed. *See* Fed. R. Bankr. P. 4003(b)(1). The time period for Rule 4003 objections began to run when the trustee concluded the meeting of creditors on December 19, 2013, and it expired on January 18, 2014. Prior to that date, the trustee filed an adversary complaint on January 14,

2014, initiating the fraudulent transfer proceeding. Nor does Lee dispute that the complaint and summons were served on him and his attorney, as required by Rule 4003(b)(4). *See* Fed. R. Bankr. P. 4003(b)(4). Further, as required by Rule 4003(c), the fraudulent transfer proceeding provided a hearing after notice. *See* Fed. R. Bankr. P. 4003(c). Finally, the trustee was required to prove the fraudulent transfer by clear and convincing evidence. *See Kekona v. Abastillas*, 150 P.3d 823, 825, 830 (Haw. 2006).[5] Therefore, the proceeding complied with the requirement of Rule 4003(c) that the trustee bear the burden of proof in avoiding the transfers (i.e. that the "the exemptions are not properly claimed"). Fed. R. Bankr. P. 4003(c).

In determining that the fraudulent transfer complaint and proceeding satisfied Rule 4003, we join the well-reasoned conclusion of the Sixth Circuit. *See In re Grosslight*, 757 F.2d 773, 777 (6th Cir. 1985). In *Grosslight*, a creditor filed an adversary proceeding within the time period for Rule 4003 objections, asking that the automatic stay be lifted as to property the debtor claimed was exempt because of tenancy-by-the-entirety ownership. *Id.* The Sixth Circuit held that it could "treat this adversary proceeding as an objection to the claim of exemptions," noting that "its filing did meet procedural concerns." *Id.* We also agree with the many other

---

[5] 11 U.S.C. § 544 provides that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is *voidable under applicable law* by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." 11 U.S.C. § 544(b)(1) (emphasis added). Under the applicable law, Hawaii Revised Statutes chapter 651C, a plaintiff must prove a fraudulent transfer by clear and convincing evidence. *See Kekona*, 150 P.3d at 830. The bankruptcy court found that the trustee met this burden.

bankruptcy courts and bankruptcy appellate panels that have recognized that "actions taken by a creditor or trustee" may constitute "objections under 4003(b), even though no pleading styled 'objection to exemption' was filed." *In re Spenler*, 212 B.R. at 630 (collecting cases); *see also In re Wharton*, 563 B.R. 289, 296 (B.A.P. 9th Cir. 2017) (holding that a trustee or other interested party has satisfied Rule 4003(b) by "set[ting] forth the basis for his objection" in a brief supporting a turnover motion); *In re Breen*, 123 B.R. 357, 360 (B.A.P. 9th Cir. 1991) (holding that a motion seeking relief from the automatic stay qualified as an objection under Rule 4003(b) where it "in essence objected to the debtors' claim that [a vehicle could] be exempted as a tool of the trade").

Lee's arguments to the contrary are generally based on his contention that courts must read Rule 4003 as requiring an express statement of objection. But as we have explained, neither the Bankruptcy Code nor Rule 4003 require Lee's formalistic approach, and within the confines of the Code and the Rules, a bankruptcy court "retains its broad equitable power." *In re Sasson*, 424 F.3d 864, 869 (9th Cir. 2005) (quoting *Johnson v. Home State Bank*, 501 U.S. 78, 88 (1991) (per curiam)).

Lee invokes our rule that "[e]xemption statutes in bankruptcy law should be construed liberally in favor of the debtor," meaning that "[w]here the text of a statutory exemption is ambiguous as to whether it applies, the debtor is entitled to the exemption." *In re Tober*, 688 F.3d 1160, 1163 (9th Cir. 2012) (citation omitted); *see also In re Arrol*, 170 F.3d 934, 937 (9th Cir. 1999) (interpreting ambiguous California homestead exemption to apply to residence outside of California). Lee points to no instance, however, where we

have applied this rule of statutory construction to interpret the procedural rules governing objections to exemptions. We have previously declined to construe "the trustee's ability to inhibit exemptions" under 11 U.S.C. § 522 strictly, *see In re Glass*, 60 F.3d 565, 569 (9th Cir. 1995), and likewise decline to adopt a hypertechnical interpretation of Rule 4003 where its purpose to "provide the debtor with timely notice" has been clearly satisfied, *In re Spenler*, 212 B.R. at 630. As the bankruptcy court reasonably concluded, the factual allegations and the legal theories argued in the trustee's adversary action were no different than they would have been if the words "objection to exemption" had been included. Lee points to no additional fact or argument that he would have raised had the trustee expressly stated he was objecting to the exemptions under Rule 4003(b).

Lee also argues that the approach taken by *Grosslight* and analogous bankruptcy cases was superseded by *Taylor*, 503 U.S. at 641, 644, and *Law*, 134 S. Ct. at 1196. We disagree. In *Taylor*, the debtor claimed as exempt the potential proceeds of a pending lawsuit and the trustee "decided not to object to the claimed exemption," taking *no action at all* within the 30-day period. 503 U.S. at 641. When the proceeds of the lawsuit later exceeded the trustee's initial assessment, the trustee filed a complaint seeking turnover of the proceeds. *Id. Taylor* held that the trustee could not "contest the exemption [outside Rule 4003's 30-day period] whether or not [the debtor] had a colorable statutory basis for claiming it." *Id.* at 643–44.

The Supreme Court applied the same principle in *Law*, where the trustee failed to take *any* action timely opposing the debtor's homestead exemption claim. 134 S. Ct. at 1196. The trustee later avoided the debtor's fraudulently claimed

lien in the property, and the bankruptcy court surcharged the debtor's homestead exemption to satisfy the trustee's attorneys' fees incurred in the fraudulent transfer litigation. *Id.* at 1193. The Supreme Court reversed, holding that because the debtor's exemption, though baseless, had become final absent an objection, the bankruptcy court had no power to surcharge the exemption. *Id.* at 1196–97. The trustees in both *Taylor* and *Law* took no action that could qualify as a Rule 4003(b) objection, and therefore neither case offers guidance on whether other filed proceedings may qualify as a timely objection. They therefore do not overrule *Grosslight* or undermine its persuasive value.

Next, Lee urges us to consider *In re Canino*, but it is not on point. 185 B.R. 584 (B.A.P. 9th Cir. 1995). The trustee there did not file any written objection to exemptions claimed for a home and a vehicle that exceeded the statutory amounts. *Id.* at 587. Instead, the trustee took "some actions inconsistent with Debtor's listed exemptions" by selling the vehicle and taking steps to sell the home. *Id.* at 591. The court concluded that these actions were insufficient to constitute an objection, noting that "they were simply [the] Trustee's duties" if the exemptions were invalid, and that they had been "confusing" to the debtor. *Id.* at 592. Moreover, the court reasoned that "to condone *de facto* objections under [Rule] 4003, would mean that trustees and creditors everywhere will be improperly seizing assets," citing due process concerns. *Id.*

Here, the trustee did not simply disregard Lee's claimed exemptions and seek to take possession of Palua 1 and Palua 2. Instead, the trustee brought an adversary proceeding, expressly seeking to invalidate the basis for the exemptions and formally recover the interests for the bankruptcy estate.

Unlike the due process concerns raised by the "*de facto*" objection in *In re Canino*, 185 B.R. at 592, Lee received a full trial on the validity of the transfers in which the trustee proved fraudulent intent by clear and convincing evidence.

Finally, Rule 4003 does not require a ruling on an objection at a specific time. Here, the trustee timely objected pursuant to Rule 4003(b) and the bankruptcy court adjudicated "the issues presented by the objections" in a manner that satisfied Rule 4003(c). Fed. R. Bankr. P. 4003(c). When Lee raised the exemptions in a later proceeding to oppose the turnover motion, the bankruptcy court's explicit denial of the exemptions was consistent with Rule 4003. By issuing the turnover order, the bankruptcy court effectively ruled on the exemptions, because it expressed the court's understanding that the disputed interests in Palua 1 and Palua 2 were the property of the bankruptcy estate.[6]

---

[6] We reject Lee's other arguments. Lee's remaining 10 percent interest in Palua 1 is irrelevant, because the trustee does not dispute Lee's exemption of that interest. Lee's contention that the exemptions were proper when he filed his Schedule C is meritless, in light of the bankruptcy court's determination that the transfers were fraudulent at the time that they were made. *See Sawada*, 561 P.2d at 1297. Finally, contrary to Lee's assertions, the bankruptcy court could disallow Lee's exemptions based on its avoidance of the fraudulent transfers, regardless whether the trustee requested that relief in the adversary proceeding. *See* Fed. R. Civ. P. 54(c) (providing that, except for default judgments, final judgments "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"); Fed. R. Bankr. P. 7054(a) (applying Rule 54(c) to adversary proceedings in bankruptcy).

We therefore conclude that Rule 4003 was satisfied and the bankruptcy court correctly determined that Lee's exemptions were invalid.[7]

**AFFIRMED.**

---

[7] We do not reach the trustee's alternative argument that he could file an objection under Rule 4003(b)(2), which allows a trustee to object to fraudulently asserted exemptions within a year of the closing of the bankruptcy case, because the record does not reflect that the trustee filed any such objection.