**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: NAZARIO HERNANDEZ, | No. 19-35719 |
| Debtor, | D.C. No. 2:19-cv-00207-JCC |
| ——————————————— | |
| NAZARIO HERNANDEZ, | MEMORANDUM* |
| Plaintiff-Appellee, | |
| v. | |
| FRANKLIN CREDIT MANAGEMENT CORPORATION; DEUTSCHE BANK NATIONAL COMPANY, as Trustee for BOSCO Credit II Trust Series 2010-1, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted August 31, 2020**
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS and McKEOWN, Circuit Judges, and KENDALL,*** District Judge.

Appellants Franklin Credit Management Corp. and Deutsche Bank National Co. appeal the district court's order reversing the bankruptcy court's dismissal of an adversary proceeding brought against them by Debtor Nazario Hernandez in a chapter 13 bankruptcy proceeding. We have jurisdiction under 28 U.S.C. § 158(d)(1) as the district court's order "finally dispose[d] of a discrete dispute within the larger case." *In re Gugliuzza*, 852 F.3d 884, 897 (9th Cir. 2017) (quoting *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015)) (alterations omitted). We review the bankruptcy court's decision directly, its factual findings for clear error and conclusions of law de novo.[1] *In re Lee*, 889 F.3d 639, 644 (9th Cir. 2018).

The bankruptcy court erred in concluding the statute of limitations on Appellants' deed of trust was not triggered by Debtor's chapter 7 discharge. Under Washington law, the statute of limitations on a written installment contract, including the deed of trust here, is six years. Wash. Rev. Code. § 4.16.040. With an installment contract, as here, "the statute of limitations runs against each

---

*** The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

[1] We grant Debtor's motion for judicial notice. (Dkt. Entry No. 24).

2

installment from the time it becomes due," which can occur until the last installment due before there is no longer personal liability due under the note. *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 382 P.3d 1, 6 (Wash. Ct. App. 2018); *Edmundson v. Bank of Am.*, 378 P.3d 272, 278 (Wash. Ct. App. 2016).

Here, Debtor received a chapter 7 discharge in 2012 and thereafter neither reaffirmed nor made any further payment on the note. Despite this, Appellants took no action to collect payment, did not seek to accelerate the debt, and did not initiate foreclosure proceedings. In these circumstances, the statute of limitations for Appellants to foreclose on the deed of trust ran from the last installment due before Debtor's discharge and expired before Debtor sought a chapter 13 discharge and brought the adversary proceeding. The bankruptcy court therefore erred in granting Appellants' motion to dismiss the adversary proceeding, which the district court correctly recognized in reversing the bankruptcy court's decision. We note the bankruptcy court's concern that finding the statute of limitations triggered by the discharge date poses issues should a debtor continue paying or seek to affirm the note following discharge. However, those circumstances were not present here and a straightforward application of Washington law that the bankruptcy court was not free to ignore renders this result. *See Edmundson*, 378 P.3d at 278.

**AFFIRMED.**