

FILED

JUN 3 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ADAM LEE,<br>　　　　　Debtor. | BAP Nos.　HI-20-1250-GBS<br>　　　　　　　HI-20-1251-GBS<br>　　　　　　　(Related Appeals) |
| ADAM LEE,<br>　　　　　Appellant,<br>v.<br>DANE S. FIELD, Trustee; CHUCK C. CHOI,<br>　　　　　Appellees. | Bk. No. 13-01356<br><br>**MEMORANDUM[1]** |

Appeal from the United States Bankruptcy Court
for the District of Hawaii
Robert J. Faris, Chief Bankruptcy Judge, Presiding

Before: GAN, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

In these related appeals, chapter 7[2] debtor Adam Lee ("Debtor")

seeks reversal of the bankruptcy court's order denying his motions under

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of

Rule 2004 for production of documents and examinations of chapter 7 trustee Dane S. Field ("Trustee") and Debtor's former attorney, Chuck Choi. Debtor sought the Rule 2004 examinations to discover evidence of alleged misconduct surrounding comments made by Trustee to Mr. Choi in 2013. Debtor argued that the Rule 2004 exams were relevant to Trustee's efforts to deny Debtor's discharge.

The bankruptcy court denied Debtor's motions because the propriety of discharge is independent of any misconduct by Trustee, Debtor had already deposed Trustee in an adversary proceeding, and the judgment denying discharge had already been entered and appealed before Debtor filed his Rule 2004 motions.[3] We AFFIRM.

## FACTS[4]

### A.  The Bankruptcy Case And Alleged Improper Conduct By Trustee

Debtor filed his chapter 7 petition in 2013 and was represented by attorney Chuck Choi. Dane Field was appointed as chapter 7 trustee. After concluding the § 341 meeting of creditors in December 2013, Trustee filed an adversary complaint to recover a fraudulent transfer of real property. In April 2014, Mr. Choi withdrew, and Debtor obtained new counsel.

---

Civil Procedure.

[3] We subsequently affirmed the judgment denying Debtor's discharge. *Lee v. Field (In re Lee)*, BAP Nos. HI-20-1224-TBK, HI-20-1225-TBK, 2021 WL 1294110 (9th Cir. BAP Apr. 7, 2021).

[4] We exercise our discretion to take judicial notice of documents electronically filed in Debtor's main case and related adversary proceedings. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

In October 2014, Debtor sent a complaint letter to the Executive Office of the United States Trustee and alleged that at the § 341 meeting, Trustee improperly pressured Mr. Choi to settle the fraudulent transfer litigation by suggesting that he would withhold new cases from Mr. Choi's firm. The United States Trustee ("UST") responded and advised Debtor that Trustee did not act improperly by suggesting settlement. The UST determined that Trustee's comment about new cases referred to other cases in which Trustee was requesting additional work from Mr. Choi's firm. Although the UST found that Trustee did not act improperly, it admonished Trustee because such comments could be misunderstood by bystanders.

In May 2016, Debtor sent a second letter to the UST requesting a "reinvestigation" of Trustee concerning the alleged misconduct. The UST responded in July 2016 and again advised Debtor that no misconduct occurred. The UST stated that Debtor's "apparent misunderstanding over the Trustee's comments caused us to admonish the Trustee from making comments in front of others that could be misconstrued," but that the matter was considered closed.

## B.    The Adversary Proceedings

The bankruptcy court set the fraudulent transfer action for trial in February 2015. Two weeks before the start of trial, Debtor moved to dismiss his chapter 7 case, the fraudulent transfer case, and two nondischargeability actions. He argued that Trustee's alleged comments made to Chuck Choi at the § 341 hearing violated his constitutional rights

and constituted misconduct and breach of fiduciary duties which necessitated dismissal. Trustee and the UST opposed the motion, which the court denied.

After trial, the bankruptcy court entered judgment avoiding the fraudulent transfer, and the United States District Court affirmed. *Field v. Lee (In re Lee)*, Civil No. 15-00100 SOM/RLP, 2015 WL 5598319 (D. Haw. Sept. 21, 2015).

Trustee then moved for turnover of the real property and filed a separate adversary complaint seeking to sell both Debtor's interest and a nondebtor's interest in the property under § 363(h). The court granted the motion for turnover in June 2015. Debtor appealed, and the order was affirmed by the United States District Court, *Lee v. Field (In re Lee)*, Civil No. 15-00278 SOM/RLP, 2015 WL 7274035 (D. Haw. Nov. 17, 2015), and the Ninth Circuit Court of Appeals, *Lee v. Field (In re Lee)*, 889 F.3d 639 (9th Cir. 2018).

In September 2015, Trustee filed a motion for summary judgment in the § 363(h) action. Debtor then noticed the depositions of Trustee and the UST. At the Trustee's deposition, Debtor asked numerous questions pertaining to Trustee's duties and the alleged misconduct involving comments made to Mr. Choi at the § 341 meeting, but Trustee refused to answer questions which were not relevant to the adversary proceeding. Debtor filed a motion to compel Trustee to answer. The bankruptcy court

denied the motion to compel and granted the motion for summary judgment.

In March 2020, Trustee filed an adversary complaint objecting to Debtor's discharge.[5] Debtor failed to answer the complaint, and in April 2020, the clerk entered default. Trustee then moved for default judgment and noticed a hearing for July 2020. Debtor filed an untimely response to the motion for default judgment and failed to appear at the hearing.

The bankruptcy court entered default judgment and denied Debtor's motion for reconsideration. We affirmed. *Lee v. Field (In re Lee)*, BAP Nos. HI-20-1224-TBK, HI-20-1225-TBK, 2021 WL 1294110 (9th Cir. BAP Apr. 7, 2021).

## C. The 2004 Motions And The Court's Ruling

After Debtor's discharge was denied, he filed a motion under Rule 2004 for production of documents and an examination of Trustee. Trustee opposed the motion on the basis that the subject matter of the examination was not disclosed, and the requested documents were not described with any particularity. Debtor filed a reply and alleged that Trustee committed gross misconduct during the § 341 meeting which Debtor had presented to the court numerous times. He argued "[s]ince the debtor's behavior was

---

[5] Although the deadline to object to discharge under Rule 4004(a) had long passed, discharge was not entered due to Debtor's failure to complete the financial management course required by § 727(a)(11). The bankruptcy court granted Trustee's unopposed motion to extend the deadline under Rule 4004(b)(2), and Trustee timely filed the complaint objecting to discharge.

the basis of the court's denial of discharge, the fair and just thing would be for the court to allow the debtor to present all evidence related to the interactions with the trustee and the ethics of the interactions."

Concurrent with filing his reply, Debtor filed a second motion under Rule 2004 for production of documents and examination of Trustee. Trustee again opposed the motion and argued that Debtor failed to demonstrate that the proposed examination was within the scope of Rule 2004, but based on Debtor's reply, it was clear he sought to again question Trustee about the alleged comments made to Chuck Choi at Debtor's § 341 meeting. Trustee asserted that Debtor's allegations were frivolous, were resolved years earlier, and had nothing to do with the administration of the estate or the denial of Debtor's discharge, which was based on events occurring years after the alleged comments in 2013.

Roughly two weeks later, Debtor filed a motion for a Rule 2004 examination of Chuck Choi. Debtor's statement in support of his motion indicated that "Mr. Choi's testimony is needed for all parties to have all the relevant information related to the alleged debtor's misconduct which is the basis of the trustee's motion to deny a discharge to the debtor, and the basis for the court's order to deny a discharge to the debtor."

The bankruptcy court denied Debtor's motions and stated that although Trustee's conversation with Mr. Choi may have been in bad form because it carried a risk of misperceptions, there was no evidence or likelihood of evidence being developed through discovery, that it was

anything more than bad form. The court reasoned that a debtor's right to discharge is completely independent of any conduct or misconduct by a trustee, and it noted that Debtor's discharge had already been denied. Finally, the court said that the timing of Debtor's request could suggest that the purpose of the motions was really harassment and retaliation.

The bankruptcy court entered a single order denying both of Debtor's Rule 2004 motions, and Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion by denying Debtor's motions for Rule 2004 examinations.

## STANDARD OF REVIEW

We review a bankruptcy court's ruling on a motion for a Rule 2004 examination for abuse of discretion. *Rigby v. Mastro (In re Mastro)*, 585 B.R. 587, 591 (9th Cir. BAP 2018). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Debtor argues that the bankruptcy court erred by not finding good cause to allow the Rule 2004 examination of Trustee and by not separately

7

stating its findings of fact and conclusions of law. He argues that the court erred by denying his motion for a Rule 2004 examination of Chuck Choi because the motion satisfied Rule 2004 and Mr. Choi did not object. We disagree.

Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Such examination is limited to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Rule 2004(b). Thus, third parties subject to examination under Rule 2004 are "only those persons possessing knowledge of the debtor's acts, conduct or financial affairs so far as this relates to a debtor's proceeding in bankruptcy." *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993) (cleaned up). The court may deny a Rule 2004 examination if the purpose is abuse or harassment. *In re Roman Cath. Church of Diocese of Gallup*, 513 B.R. 761, 764 (Bankr. D.N.M. 2014); 9 COLLIER ON BANKRUPTCY ¶ 2004.01 [1] (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. rev. 2020)).

The party seeking a Rule 2004 examination bears the burden of showing "good cause" for the examination. *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 627 (Bankr. D. Del. 2016); *In re AOG Ent., Inc.,* 558 B.R. 98, 108 (Bankr. S.D.N.Y. 2016). Good cause is established if the Rule 2004 examination is necessary to establish the movant's claim or if denial would cause the movant undue hardship or injustice. *In re Millennium Lab*

*Holdings II, LLC*, 562 B.R. at 627; *In re AOG Ent., Inc.*, 558 B.R. at 109; *In re Dinubilo*, 177 B.R. at 943.

Debtor's asserted basis for the Rule 2004 examinations was that the information he sought was related to his discharge. But he filed the motions after his discharge had been denied and appealed. The subject matter of the Rule 2004 examinations was not related to matters affecting Debtor's discharge and was therefore beyond the scope of Rule 2004.

On appeal, he argues that good cause existed because the information he sought in the Rule 2004 examinations was related to Trustee's pre-existing relationship with Mr. Choi, which Debtor suggests was a basis for inappropriate influence that "distorted and harmed" his case, denied him due process, and prevented zealous representation from Mr. Choi.

The nature of Trustee's relationship with Mr. Choi is not relevant to Debtor's acts, conduct, property, liabilities, or financial condition, and it does not affect the administration of the estate or Debtor's right to a discharge. The record in this case does not demonstrate any influence by Trustee over Mr. Choi. Furthermore, Mr. Choi withdrew from the case— and Debtor obtained new counsel—long before the fraudulent transfer and denial of discharge judgments. And, as the bankruptcy court correctly reasoned, any alleged misconduct by Trustee is independent of Debtor's actions which led to the judgments against him.

Debtor offers no legitimate purpose for seeking Rule 2004 examinations of Trustee and Chuck Choi nearly seven years after the

alleged comments were made. Given the lack of relevancy to Debtor's discharge or to administration of the estate, we agree with the bankruptcy court that the true purpose of the motions appears to be harassment and retaliation.

Debtor's contention that the bankruptcy court failed to adequately state its findings of fact and conclusions of law is similarly unavailing. Civil Rule 52(a), made applicable by Rule 7052, requires a bankruptcy court to "find the facts specially and state its conclusions of law separately," but provides that findings and conclusions may be stated on the record or may appear in an opinion or memorandum of decision.

"The standard for adequacy of factual findings in the Ninth Circuit is 'whether they are explicit enough on the ultimate issues to give the appellate court a clear understanding of the basis of the decision and to enable it to determine the grounds on which the trial court reached its decision.'" *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999) (quoting *Amick v. Bradford (In re Bradford)*, 112 B.R. 347, 353 (9th Cir. BAP 1990)). And we may affirm the bankruptcy court on any ground fairly supported by the record. *Id.*

At the hearing, the bankruptcy court sufficiently stated the basis for its ruling on the record. Debtor did not show that the Rule 2004 examinations were within the scope of Rule 2004(b) and he has not shown that the bankruptcy court erred by determining that Debtor failed to establish good cause.

Finally, it is not relevant that Mr. Choi did not object to the motion or appear at the hearing. The permissive language of Rule 2004 indicates that the bankruptcy court has discretion to grant or deny a request for a Rule 2004 examination. Debtor had the burden of showing the request was within the scope of Rule 2004 and that good cause existed to permit the examination. He failed to carry that burden, and the bankruptcy court did not abuse its discretion by denying the request, regardless of whether Mr. Choi objected or appeared at the hearing.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order denying Debtor's motions for Rule 2004 examinations of Trustee and Chuck Choi.